IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILING FEE PAID:
RECEIPT # 55704
AMOUNT $ 150.00
BY DPTY CLK
DATE 5/10/04

ROBERT P. LARGESS )
)
Plaintiff, )
)
vs. ) Case No.
)
SUPREME JUDICIAL COURT FOR THE )
STATE OF MASSACHUSETTS; ) 04-10921 JLT
CHIEF JUSTICE MARGARET MARSHALL, )
JUSTICE ROBERT J. CORDY, JUSTICE )
JUDITH A. COWIN, JUSTICE JOHN M. ) MAGISTRATE JUDGE Collings
GREANEY, JUSTICE RODERICK L. IRELAND, )
JUSTICE MARTHA B. SOSMAN, JUSTICE )
FRANCIS X. SPINA, in their official capacities )
as Justices of the Supreme Judicial Court of )
Massachusetts; MASSACHUSETTS )
DEPARTMENT OF PUBLIC HEALTH; )
CHRISTINE C. FERGUSON, in her official )
capacity as Commissioner of the Massachusetts )
Department of Public Health; JUDY A. )
McCARTHY, in her official capacity as City )
Registrar for the City of Boston; CITY AND )
TOWN CLERKS 1-350, )
)
Defendants. )
)

**COMPLAINT FOR TEMPORARY RESTRAINING ORDER, PRELIMINARY AND
PERMANENT INJUNCTIVE RELIEF, DECLARATORY RELIEF**

COMES NOW the Plaintiff, ROBERT P. LARGESS, by and through his undersigned counsel, and respectfully requests this Court to issue a Temporary Restraining Order, Declaratory Judgment, and Preliminary and Permanent Injunctive Relief. In support thereof, Plaintiff shows unto the Court as follows:

1. This is a civil action whereby Plaintiff seeks Declaratory Judgment, Preliminary and Permanent Injunctive Relief, and a Temporary Restraining Order. Plaintiff seeks Preliminary and Permanent Injunctive Relief, enjoining Defendants, the Supreme Judicial Court, Justices Marshall, Greaney, Ireland, Spina, Cowin, Sosman and Cordy, Department of Public Health, Commissioner of Public Health, City of Boston City Registrar, City and Town Clerks Nos. 1 through 350, their

Complaint for Declaratory Judgment, Preliminary and Permanent Injunctive Relief and TRO - Page 1

agents, servants and employees and those acting in active concert and with actual notice thereof, from enforcing *Goodridge v. Department of Public Health*, 440 Mass. 309 (2003) so as to permit the issuance of marriage licenses to same-sex couples, or the recording of those licenses.

2. Plaintiff prays for Declaratory Judgment to determine the constitutionality of the actions of the Supreme Judicial Court in exercising jurisdiction over the *Goodridge* case and in redefining marriage.

3. An actual controversy exists between the parties involving substantial constitutional issues, in that the actions of the Supreme Judicial Court in exercising jurisdiction over the *Goodridge* case and in redefining marriage constitute actions delegated to other branches of the government under the Massachusetts constitution, thereby violating the federal constitutional guarantee to the citizens of Massachusetts to a republican form of government.

## JURISDICTION AND VENUE

4. This action arises under Article IV, Section 4 of the United States Constitution, 42 U.S.C. §1983.

5. This Court has jurisdiction of this claim under, and by virtue of, 28 U.S.C. §§1331, 2201-02.

6. Venue is proper under 28 U.S.C. §1391 (b). Each and all of the acts alleged herein were done by the Supreme Judicial Court, in the District of Massachusetts.

7. This Court is authorized to grant Declaratory Judgment under the Declaratory Judgment Act, 28 U.S.C. §§ 2201-02 implemented through Rule 57 of the Federal Rules of Civil Procedure, and to issue the Temporary Restraining Order, and the Injunctive Relief requested by Plaintiff under Rule 65 of the Federal Rules of Procedure.

8. This Court is authorized to grant Plaintiff's prayer for relief regarding costs, including a reasonable attorney's fee, under 42 U.S.C. §1988.

## PARTIES

9. Plaintiff, ROBERT P. LARGESS, is and was at all times relevant herein, an

individual and resident of the State of Massachusetts and is Vice-President of the Catholic Action League.

10. Defendant, the SUPREME JUDICIAL COURT, is the highest court in the State of Massachusetts.

11. Defendants JUSTICES MARSHALL, GREANEY, IRELAND, SPINA, COWIN, SOSMAN AND CORDY are Justices of the Massachusetts Supreme Judicial Court.

12. Defendant, the DEPARTMENT OF PUBLIC HEALTH, is the public entity responsible for recording of all validly issued marriage licenses for the State of Massachusetts into the Registry of Vital Records and Statistics, and is capable of being sued..

13. Defendant, CHRISTINE C. FERGUSON, Commissioner of Public Health, is the person in charge of the Department of Public Health, who is responsible for overseeing the activities of the Department of Public Health in recording validly issued marriage licenses into the Registry of Vital Records and Statistics.

14. Defendant, JUDY A. MCCARTHY is the City of Boston City Registrar, the city office that issues marriage licenses in Boston, Massachusetts..

15. Defendants City and Town Clerk numbers 1-350 are those city and town clerks responsible for issuing marriage licenses throughout the State of Massachusetts..

### STATEMENT OF FACTS

16. The plaintiffs in *Goodridge v. Department of Health*, 440 Mass. 309 (2003) are seven same-sex couples who sought and were denied marriage licenses.

17. The *Goodridge* plaintiffs commenced suit in the Superior Court in April, 2001, against the Department of Public Health and Commissioner of Public Health

18. In that complaint, the *Goodridge* plaintiffs argued that "the exclusion of the plaintiff couples and other qualified same sex couples from access to marriage licenses, and the legal and social status of civil marriage, s well as the protections, benefits and obligations of marriage, violates Massachusetts laws."

19. On May 7, 2002, the Superior Court granted summary judgment in favor of defendants.

20. The matter was directly appealed to the Supreme Judicial Court.

21. In July, 2003, the Supreme Judicial Court issued its decision in the *Goodridge* case.

22. In its decision, the *Goodridge* court stated that the "everyday meaning of 'marriage' is 'the legal union of a man and woman as husband and wife' . . . and the plaintiffs do not argue that it has ever had a different meaning under Massachusetts law."

23. In analyzing Massachusetts statutory law, the *Goodridge* court found that the language of the licensing statute could not be construed so as to permit same-sex couples to marry.

24. The *Goodridge* "declare[d] that barring an individual from the protections, benefits and obligations of civil marriage solely because that person would marry a person of the same sex violates the Massachusetts constitution."

25. As part of its holding, the *Goodridge* court "construe[d] civil marriage to mean the voluntary union of two persons as spouses, to the exclusion of all others."

26. The *Goodridge* court characterized its decision as a "reformulation" of marriage.

27. The *Goodridge* court specifically did not invalidate the marriage laws.

28. The *Goodridge* court stated that its decision would become effective 180 days after the date of the court's order.

29. May 17, 2004 will be 180 days from the date of the *Goodridge* decision.

30. Defendants McCarthy and Town and City Clerks 1-350 will be required to issue marriage licenses to same-sex couples on and after May 17, 2004.

31. Upon information and belief, Town and City Clerks have publicly stated that they intend to abide by the Supreme Judicial Court's decision in *Goodridge* and issue marriage licenses to same-sex couples.

32. Defendant Ferguson is responsible for recording validly-issued marriage licenses.

33. Defendant Ferguson will be required to record marriage licenses issued to same-sex

couples on and after May 17, 2004.

34. Part I, Art. IV of the Massachusetts Constitution provides that "The people of this commonwealth have the sole and exclusive right of governing themselves as a free, sovereign, and independent state . . . ."

35. Part I, Art. V of the Massachusetts Constitution provides that "All powers residing originally in the people, and being derived from them, the several magistrates and officers of government, vested with authority, whether legislative, executive, or judicial, are their substitutes and agents, and are at all times accountable to them."

36. Part I, Art. VII of the Massachusetts Constitution provides in part that "the people alone have an incontestable, unalienable, and indefeasible right to institute government."

37. Part I, Art. XVIII of the Massachusetts Constitution provides that "The people . . . have a right to require of their lawgivers and magistrates, an exact and constant observance of them, in the formation and execution of the laws necessary for the good administration of the Commonwealth."

38. Part I, Art. XXX of the Massachusetts Constitution provides in part that "the judicial shall never exercise the legislative and executive powers, or either of them; to the end it may be a government of laws and not of men."

39. Part II, Chp. 1, sec. 1, Art. IV of the Massachusetts Constitution provides "And further, full power and authority are hereby given and granted to the said general court, from time to time, to make, ordain, and establish, all manner of wholesome and reasonable orders, laws . . . as they shall judge to be for the good and welfare of this Commonwealth."

40. Part II, Chp. II, sec. 1, Art. V of the Massachusetts Constitution provides that "All causes of marriage, divorce, and alimony, and all appeals from the judges of probate shall be heard and determined by the governor and council, until the legislature shall, by law, make other provision."

41. Massachusetts Courts are only enabled to hear cases related to marriage that involve,

affirmation, annulment, divorce and alimony.

42. Massachusetts Courts are not empowered by either the Massachusetts Constitution or the Massachusetts Statutes to hear cases involving the definition of marriage.

43. Article IV, § 4 of the United States Constitution provides that "The United States shall guarantee to every State in the Union a Republican Form of Government."

## First Cause of Action

### (The Supreme Judicial Court violated the Republican Guarantee Clause when it Redefined Marriage)

44. Plaintiff hereby incorporates and adopts each and every allegation in the preceding paragraphs numbered 1 through 43.

45. The Massachusetts constitution grants to the Legislature the power to pass legislation that defines marriage.

46. The Supreme Judicial Court redefined marriage.

47. The Supreme Judicial Court exceeded the powers granted to it in the Massachusetts Constitution.

48. The Supreme Judicial Court's violation of the separation of powers constitutes a violation of plaintiff's federal constitutional guarantee of a republican form of government.

WHEREFORE, Plaintiff respectfully prays that the Court grant the declaratory and injunctive relief set forth herein.

## Second Cause of Action

### (The Supreme Judicial Court violated the Republican Guarantee Clause when it Exercised Jurisdiction over the Goodridge Case)

49. Plaintiff hereby incorporates and adopts each and every allegation in the preceding paragraphs numbered 1 through 43.

50. The Massachusetts constitution grants to the Governor and Council the authority over "causes" of marriage except to the extent the Legislature has granted authority to another branch.

51. The *Goodridge* case concerned a "cause" of marriage.

52. The Legislature had not granted authority to the court to hear "causes" of marriage.

53. The Supreme Judicial Court exceeded the powers granted to it in the Massachusetts Constitution.

54. The Supreme Judicial Court's violation of the separation of powers constitutes a violation of plaintiff's federal constitutional guarantee of a republican form of government.

WHEREFORE, Plaintiff respectfully prays that the Court grant the declaratory and injunctive relief set forth herein.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment as follows:

A. That this Court immediately issue a Temporary Restraining Order against Defendants, Supreme Judicial Court for the State of Massachusetts; Chief Justice Margaret Marshall, Justice Robert J. Cordy, Justice Judith A. Cowin, Justice John M. Greaney, Justice Roderick L. Ireland, Justice Martha B. Sosman, Justice Francis X. Spina, in Their Official Capacities As Justices of the Supreme Judicial Court of Massachusetts; Massachusetts Department of Public Health; Christine C. Ferguson, in Her Official Capacity as Commissioner of the Massachusetts Department of Public Health; Judy A. Mccarthy, in Her Official Capacity as City Registrar for the City of Boston; City and Town Clerks 1-350, and all other persons acting in concert with them, restraining the enforcement of the Supreme Judicial Court's decision in *Goodridge* and from issuing marriage licenses to same-sex couples, from recording marriage licenses issued to same-sex couples or in any other way from violating Plaintiff's rights under Article 4, §4 of the United States Constitution;

B. That this Court immediately issue preliminary injunction against Defendants, Supreme Judicial Court for the State of Massachusetts; Chief Justice Margaret Marshall, Justice Robert J. Cordy, Justice Judith A. Cowin, Justice John M. Greaney, Justice Roderick L. Ireland, Justice Martha B. Sosman, Justice Francis X. Spina, in Their Official Capacities As Justices of the Supreme Judicial Court of Massachusetts; Massachusetts Department of Public Health; Christine

C. Ferguson, in Her Official Capacity as Commissioner of the Massachusetts Department of Public Health; Judy A. Mccarthy, in Her Official Capacity as City Registrar for the City of Boston; City and Town Clerks 1-350, and all other persons acting in concert with them, enjoining the enforcement of the Supreme Judicial Court's decision in *Goodridge* and from issuing marriage licenses to same-sex couples, from recording marriage licenses issued to same-sex couples or in any other way from violating Plaintiff's rights under Article 4, §4 of the United States Constitution;

  C. That this Court issue a Permanent Injunction against Defendants, Supreme Judicial Court for the State of Massachusetts; Chief Justice Margaret Marshall, Justice Robert J. Cordy, Justice Judith A. Cowin, Justice John M. Greaney, Justice Roderick L. Ireland, Justice Martha B. Sosman, Justice Francis X. Spina, in Their Official Capacities As Justices of the Supreme Judicial Court of Massachusetts; Massachusetts Department of Public Health; Christine C. Ferguson, in Her Official Capacity as Commissioner of the Massachusetts Department of Public Health; Judy A. Mccarthy, in Her Official Capacity as City Registrar for the City of Boston; City and Town Clerks 1-350, and all other persons acting in concert with them, permanently enjoining them enforcing the *Goodridge* decision as a basis from issuing marriage licenses to same-sex couples, from recording marriage licenses issued to same-sex couples or in any other way from violating Plaintiff's rights under Article 4, §4 of the United States Constitution

  D. That this Court render a Declaratory Judgment:

    (1) Declaring the Supreme Judicial Court exceeded its authority in redefining marriage to constitute the voluntary union of two persons as spouses, to the exclusion of others;

    (2) Declaring that the Supreme Judicial Court exceeded its authority in exercising jurisdiction over the *Goodridge* case.

  E. That this Court adjudge, decree, and declare the rights and other legal relations with the subject matter here in controversy, in order that such declaration shall have the force and effect of final judgment;

F. That this Court retain jurisdiction of this matter for the purpose of enforcing this Court's order;

G. That this Court award Plaintiffs the reasonable costs and expenses of this action, including attorney's fees, in accordance with 42 U.S.C. §1988.

H. That this Court grant such other and further relief as this Court deems equitable and just under the circumstances.

Dated this 10th day of May, 2004.

Chester Darling by RM
Chester Darling
BBO# 114320
CITIZENS FOR THE PRESERVATION
OF CONSTITUTIONAL RIGHTS, INC.
306 Dartmouth Street
Boston, MA 02116
Telephone: (617) 536-1776
Telefacsimile: (978) 470-2219
Local Counsel for Plaintiff

Robert J. Muise*
 MI State Bar No. P62849
 NH State Bar No. 12953
THOMAS MORE LAW CENTER
3475 Plymouth Road, Suite 100
Ann Arbor, MI 48105-2550
Telephone: (734) 827-2001
Telefacsimile: (734) 998-4778
Attorney for Plaintiff
*Subject to admission *pro hac vice*

Stephen M. Crampton*
 MS State Bar No. 9952
Brian Fahling*
 WA State Bar No. 18894
AFA CENTER FOR LAW AND POLICY
100 Parkgate Drive
P.O. Drawer 2440
Tupelo, MS 38803
Telephone: (662) 680-3886
Telefacsimile: (662) 844-4234
Attorneys for Plaintiff
*Subject to admission *pro hac vice*

Mathew Staver by RML
Mathew D. Staver*
 Florida Bar No. 0701092
 (Lead Trial Counsel)
Erik W. Stanley*
 Florida Bar No. 0183504
Anita L. Staver*
 Florida Bar No. 0611131
Joel L. Oster*
 Florida Bar No. 0659746
Rena M. Lindevaldsen*
 Florida Bar No. 0659045
 New York Bar
LIBERTY COUNSEL
210 East Palmetto Avenue
Longwood, FL 32750
Telephone: (407) 875-2100
Telefacsimile: (407) 875-0770
Attorneys for Plaintiff
*Subject to admission *pro hac vice*

%JS 44 (Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**
Robert P. Largess

**(b)** County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

**DEFENDANTS**
Massachusetts Supreme Judicial Court, et al. - see attached Caption for full listing of all Defendants

County of Residence of First Listed Suffolk County
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
LIBERTY COUNSEL
210 E. Palmetto Ave.
Longwood, FL 32750
(407) 875-2100

Attorneys (If Known)

04-10921 JLT

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury— Med. Malpractice | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 365 Personal Injury — Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgement | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| | | | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 220 Foreclosure | ☐ 442 Employment | Habeus Corpus: | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | |
| ☐ 245 Tort Product Liability | ☒ 440 Other Civil Rights | ☐ 540 Mandamus & Other | ☐ 791 Empl. Ret. Inc. Security Act | |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
| | | ☐ 555 Prison Condition | | |

**V. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Suit for infringement of constitutional right to Guarantee of Republican Form of Government, Art. 4, §4 of the United States Constitution

**VII. REQUESTED IN COMPLAINT:** ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
**DEMAND** TRO/ Prel.
CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☐ Yes ☐ No

**VIII. RELATED CASE(S) IF ANY** (See instructions):

DATE 5-10-04
SIGNATURE OF ATTORNEY OF RECORD _[signatures]_

FOR OFFICE USE ONLY
RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only)  **Robert P. Largess v. Massachusetts Supreme Judicial Court, et al.**

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

    ___   I.    160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

    _X_   II.   195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730,     *Also complete AO 120 or AO 121
                740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.        for patent, trademark or copyright cases

    ___   III.  110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
                315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
                380, 385, 450, 891.

    ___   IV.   220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
                690, 810, 861-865, 870, 871, 875, 900.

    ___   V.    150, 152, 153.

    **04 - 10921 JLT**

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

    N/A

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?
    YES ☐   NO ☒

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)
    YES ☐   NO ☒

    If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?
    YES ☐   NO ☒

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?
    YES ☐   NO ☒

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).
    YES ☒   NO ☐

    A.  If yes, in which division do all of the non-governmental parties reside?
        Eastern Division ☒    Central Division ☐    Western Division ☐

    B.  If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?
        Eastern Division ☐    Central Division ☐    Western Division ☐

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)
    YES ☐   NO ☐

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME  Mathew D. Staver (pro hac vice admission pending)
ADDRESS  210 East Palmetto Avenue, Longwood, FL 32750
TELEPHONE NO.  (407) 875-2100

(Category Form.wpd - 10/17/02)