IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ROBERT P. LARGESS ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> SUPREME JUDICIAL COURT FOR THE ) <br> STATE OF MASSACHUSETTS; ) <br> CHIEF JUSTICE MARGARET MARSHALL, ) <br> JUSTICE ROBERT J. CORDY, JUSTICE ) <br> JUDITH A. COWIN, JUSTICE JOHN M. ) <br> GREANEY, JUSTICE RODERICK L. IRELAND, ) <br> JUSTICE MARTHA B. SOSMAN, JUSTICE ) <br> FRANCIS X. SPINA, in their official capacities ) <br> as Justices of the Supreme Judicial Court of ) <br> Massachusetts; MASSACHUSETTS ) <br> DEPARTMENT OF PUBLIC HEALTH; ) <br> CHRISTINE C. FERGUSON, in her official ) <br> capacity as Commissioner of the Massachusetts ) <br> Department of Public Health; JUDY A. ) <br> McCARTHY, in her official capacity as City ) <br> Registrar for the City of Boston; CITY AND ) <br> TOWN CLERKS 1-350, ) <br> ) <br> Defendants. ) <br> ) | Case No. <br><br> **04-10921 JLT** |

## MOTION FOR PRELIMINARY INJUNCTION AND
## TEMPORARY RESTRAINING ORDER

1. COME NOW the plaintiff, by and through his undersigned counsel, pursuant to Fed. R. Civ. P. 65, and respectfully requests that this Court issue a Temporary Restraining Order and Preliminary Injunction, and in support thereof, state as follows:

2. This is a civil action whereby Plaintiff seeks Declaratory Judgment, Preliminary and Permanent Injunctive Relief, and a Temporary Restraining Order. Plaintiff seeks Preliminary and

Permanent Injunctive Relief, enjoining Defendants, the Supreme Judicial Court, Justices Marshall, Greaney, Ireland, Spina, Cowin, Sosman and Cordy, Department of Public Health, Commissioner of Public Health, City of Boston City Registrar, City and Town Clerks Nos. 1 through 350, their agents, servants and employees and those acting in active concert and with actual notice thereof, from enforcing *Goodridge v. Department of Public Health*, 440 Mass. 309 (2003) so as to permit the issuance of marriage licenses to same-sex couples, or the recording of those licenses.

3. Plaintiff specifically incorporates the facts as set forth in the complaint. This motion is based on the motion and accompanying Memorandum of Law, Complaint, and all other papers filed together herewith.

4. An actual controversy exists between the parties involving substantial constitutional issues, in that the actions of the Supreme Judicial Court in exercising jurisdiction over the *Goodridge* case and, separately, in redefining marriage, constitute actions delegated to other branches of the government under the Massachusetts constitution, thereby violating the federal constitutional guarantee to the citizens of Massachusetts to a republican form of government.

5. Plaintiff, like all citizens of the Commonwealth, face a threat of irreparable harm as the *Goodridge* decision will be implemented effective May 17, 2004, with clerks throughout the state issuing marriage licenses to same-sex couples. Some of those couples will be from out of state and receive marriage licenses in violation of a state law that prohibits the clerks from issuing marriage licenses to those whose states do not permit the marriage.

6. Without the involvement of this Court, the citizens of the Commonwealth, and in fact, individuals throughout the country, will face real and serious consequences as a result of implementation of the *Goodridge* decision.

7.   Rule 65 of the Federal Rules of Civil Procedure authorizes the district court to grant a temporary restraining order and preliminary injunctive relief.

8.   The Plaintiff is likely to succeed on the merits of his claim that the Supreme Judicial Court exceeded the scope of its authority, as granted to it by the people in the Massachusetts Constitution, in (i) hearing the *Goodridge* case, or (ii) wholly separate, in redefining "marriage." That violation of the separation of powers established by the state constitution constitutes a violation of the federal constitutional guarantee of a republican form of government.

9.   The plaintiff faces a substantial threat of irreparable harm if this Court does not intervene. In particular, marriage licenses will begin to issue, premised on a decision that was rendered without authority and in violation of plaintiff's federal constitutional rights. Same sex couples from other states will come to Massachusetts, obtain a marriage license in violation of a state law that prohibits granting licenses to those whose state does not recognize the marriage, and will go to their home states to seek recognition. The Supreme Court of Vermont in *Baker v. State* recognized the type of havoc and chaos that could be caused by a quick change in the marital laws such as the type ordered by the *Goodridge* court.

10.  Any harm to Defendants will be minimal, as the court lacked the authority to issue the decision. The harm to plaintiff, along with the citizens of the Commonwealth, is real and irreparable.

11.  An order restraining and enjoining enforcement of the *Goodridge* decision is within the public interest.

### REQUEST FOR ORAL ARGUMENT

Plaintiff believes oral argument will aid the Court in determining the issues presented by this

Motion for Preliminary Injunction and Temporary Restraining Order. Therefore, plaintiff requests that the Court grant oral argument on the Motion.

|  | Respectfully Submitted, |
|---|---|
| *[signature]* Chester Darling by RMK | *[signature]* Mathew Staver by RML |
| Chester Darling<br>BBO# 114320<br>CITIZENS FOR THE PRESERVATION<br>OF CONSTITUTIONAL RIGHTS, INC.<br>306 Dartmouth Street<br>Boston, MA 02116<br>Telephone: (617) 536-1776<br>Telefacsimile: (978) 470-2219<br>Local Counsel for Plaintiff | Mathew D. Staver*<br>Florida Bar No. 0701092<br>(Lead Trial Counsel)<br>Erik W. Stanley*<br>Florida Bar No. 0183504<br>Anita L. Staver*<br>Florida Bar No. 0611131<br>Joel L. Oster*<br>Florida Bar No. 0659746<br>Rena M. Lindevaldsen*<br>Florida Bar No. 0659045<br>LIBERTY COUNSEL<br>210 East Palmetto Avenue<br>Longwood, FL 32750<br>Telephone: (407) 875-2100<br>Telefacsimile: (407) 875-0770<br>Attorneys for Plaintiff<br>*Subject to admission *pro hac vice* |
| Robert J. Muise*<br>MI State Bar No. P62849<br>NH State Bar No. 12953<br>THOMAS MORE LAW CENTER<br>3475 Plymouth Road, Suite 100<br>Ann Arbor, MI 48105-2550<br>Telephone: (734) 827-2001<br>Telefacsimile: (734) 998-4778<br>Attorney for Plaintiff<br>*Subject to admission *pro hac vice* | |
| Stephen M. Crampton*<br>MS State Bar No. 9952<br>Brian Fahling*<br>WA State Bar No. 18894<br>AFA CENTER FOR LAW AND POLICY<br>100 Parkgate Drive<br>P.O. Drawer 2440<br>Tupelo, MS 38803<br>Telephone: (662) 680-3886<br>Telefacsimile: (662) 844-4234<br>Attorneys for Plaintiff<br>*Subject to admission *pro hac vice* | |