IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| ROBERT P. LARGESS | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. |
| | ) | |
| SUPREME JUDICIAL COURT FOR THE | ) | **04-10921 JLT** |
| STATE OF MASSACHUSETTS; | ) | |
| CHIEF JUSTICE MARGARET MARSHALL, | ) | |
| JUSTICE ROBERT J. CORDY, JUSTICE | ) | |
| JUDITH A. COWIN, JUSTICE JOHN M. | ) | |
| GREANEY, JUSTICE RODERICK L. IRELAND, | ) | |
| JUSTICE MARTHA B. SOSMAN, JUSTICE | ) | |
| FRANCIS X. SPINA, in their official capacities | ) | |
| as Justices of the Supreme Judicial Court of | ) | |
| Massachusetts; MASSACHUSETTS | ) | |
| DEPARTMENT OF PUBLIC HEALTH; | ) | |
| CHRISTINE C. FERGUSON, in her official | ) | |
| capacity as Commissioner of the Massachusetts | ) | |
| Department of Public Health; JUDY A. | ) | |
| McCARTHY, in her official capacity as City | ) | |
| Registrar for the City of Boston; CITY AND | ) | |
| TOWN CLERKS 1-350, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO WAIVE POSTING SECURITY TO OBTAIN A TEMPORARY RETRAINING ORDER AND A PRELIMINARY INJUNCTION

COMES NOW the Plaintiff, and files this Memorandum in Support of Plaintiff's Motion to

Waive Posting Security to Obtain a Preliminary Injunction.

Federal Rule of Civil Procedure 65(c) provides that no restraining order or preliminary

injunction shall issue except upon the posting of security by the applicant, in such sum as the court

deems proper, for the payment of such costs and damages as may be incurred or suffered by any

Memorandum in Support of Waiver of Bond - Page 1

party who is found to have been wrongfully enjoined or restrained. Under this rule, this Court has the discretion to determine the necessity of posting security and the amount thereof. *See Pharmaceutical Society of State of New York, Inc. v. New York State Dep't. of Social Services*, 50 F.3d 1168, 1174-75 (2d Cir. 1995); *State of Alabama ex. rel. Siegelman v. U.S. E.P.A.*, 925 F.2d 385 (11th Cir. 1991); *Jeffreys v. My Friend's Place*, 719 F. Supp. 639 (M.D. Tenn. 1989); *People of State of California ex. rel. Van De Kamp v. Tahoe Regional Planning Agency*, 775 F.2d 998 (9th Cir. 1985).

In exercising its discretion, the Court should be guided by the likely harm to the party enjoined, *Temple Univ. v. White*, 941 F.2d 201 (3d Cir. 1991); *Plane v. U.S.*, 750 F. Supp. 1358 (W.D. Mich. 1990); the ability of the plaintiffs to post security, *J.L. v. Parham*, 412 F. Supp. 112 (D.C. Ga. 1983), *reversed on other grounds*, 442 U.S. 584; *Orantes-Hernandez v. Smith*, 541 F. Supp. 351 (S.D. Cal. 1982); *Brookins v. Bonnell*, 362 F. Supp. 379 (D.C. Pa. 1973); the potential effect on the plaintiff of being unable to post security, *Miller v. Carlson*, 768 F. Supp. 1331 (N.D. Cal. 1991); *Governing Council of Pinoleville Indian Community v. Mendocino County*, 684 F. Supp. 1042 (N.D. Cal. 1988); and the interest of the public in waiving the security requirement. *See Oliver v. Kalamazoo Bd. of Educ.*, 526 F. Supp. 131 (W.D. Mich. 1981).

In *Brookins*, 362 F. Supp. 379 (D.C. Pa. 1973), the district court refused to require an indigent student to post security prior to entering an order reinstating a student to the community college. The court reasoned that the defendant in *Brookins* would not suffer any harm if the injunction were later vacated. In this case, Plaintiff is represented by a nonprofit public interest organization, Liberty Counsel, to uphold constitutional rights. Posting security would work an undue hardship upon Plaintiff because Plaintiff does not have the financial means to post any amount of

security.  (*See* Affidavit attached to Plaintiff's Motion to Waive Posting Security, Exhibit A).

Moreover, imposition of an injunction would not cause any harm to Defendants if later vacated.  The injunction would merely serve to allow Plaintiff the opportunity to exercise constitutional rights pending the outcome of this action.  Defendants would not be harmed in any fashion by the injunction, because allowing Plaintiff to exercise rights would not entail any expenditure of funds.  *See Bivens v. Bd. of Public Educ. and Orphanage for Bibb County*, 284 F. Supp. 888 (D.C. Ga. 1967).

Requiring Plaintiff to post security prior to obtaining a Temporary Restraining Order or a Preliminary Injunction would effectively deny Plaintiff access to judicial review for the deprivation of the most fundamental of constitutional rights - the guarantee of a republican form of government. The potential for denying Plaintiff access to judicial review for the redress of constitutional rights warrants the Court waiving the posting of security. *See Miller v. Carlson*, 768 F. Supp. 1331 (N.D. Cal. 1991); *Governing Council of Pinoleville Indian Community v. Mendocino County*, 684 F. Supp. 1042 (N.D. Cal. 1988).  In *Oliver v. Kalamazoo*, 526 F. Supp. 131 (W.D. Mich. 1981), the district court waived the security requirement because of the public interest in enjoining racial discrimination.

The present case involves violations of Plaintiff's constitutional *guarantee* of a republican form of government.  The right to a republican form of government is one of the most important rights guaranteed by the United States Constitution.  Given the importance of the public interest in preventing unconstitutional abridgements to the guarantee of a republican form of government, the public interest would best be served by the Court waiving the requirement that Plaintiff post security.

WHEREFORE, the Plaintiff, by and through undersigned counsel, respectfully requests this

Court to enter an Order waiving the requirement of posting security prior to obtaining a Temporary

Restraining Order or a Preliminary Injunction.

//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//

DATED this 10th day of May, 2004.

Respectfully Submitted,

*Chester Darling by RMz*

Chester Darling
 BBO# 114320
CITIZENS FOR THE PRESERVATION
OF CONSTITUTIONAL RIGHTS, INC.
306 Dartmouth Street
Boston, MA 02116
Telephone: (617) 536-1776
Telefacsimile: (978) 470-2219
Local Counsel for Plaintiff

Robert J. Muise*
 MI State Bar No. P62849
 NH State Bar No. 12953
THOMAS MORE LAW CENTER
3475 Plymouth Road, Suite 100
Ann Arbor, MI 48105-2550
Telephone: (734) 827-2001
Telefacsimile: (734) 998-4778
Attorney for Plaintiff
*Subject to admission *pro hac vice*

Stephen M. Crampton*
 MS State Bar No. 9952
Brian Fahling*
 WA State Bar No. 18894
AFA CENTER FOR LAW AND POLICY
100 Parkgate Drive
P.O. Drawer 2440
Tupelo, MS 38803
Telephone: (662) 680-3886
Telefacsimile: (662) 844-4234
Attorneys for Plaintiff
*Subject to admission *pro hac vice*

*Mathew D Staver by RMz*

Mathew D. Staver*
 Florida Bar No. 0701092
(Lead Trial Counsel)
Erik W. Stanley*
 Florida Bar No. 0183504
Anita L. Staver*
 Florida Bar No. 0611131
Joel L. Oster*
 Florida Bar No. 0659746
Rena M. Lindevaldsen*
 Florida Bar No. 0659045
LIBERTY COUNSEL
210 East Palmetto Avenue
Longwood, FL 32750
Telephone: (407) 875-2100
Telefacsimile: (407) 875-0770
Attorneys for Plaintiff
 *Subject to admission *pro hac vice*