

equal justice under law

*Gay & Lesbian Advocates & Defenders*
30 Winter Street, Suite 800
Boston, MA 02108.4720
Telephone: 617.426.1350
Facsimile: 617.426.3594

2004 MAY 10  P 3: 47

May 10, 2004

**BY HAND**

The Honorable Joseph L. Tauro
United States District Judge
Suite 7110
John Joseph Moakley Courthouse
One Courthouse Way
Boston, MA 02210

      RE:   Robert P. Largess v. Supreme Judicial Court of Massachusetts et al.

Dear Judge Tauro:

      This office represents the seven plaintiff couples in <u>Goodridge v. Department of Public Health</u>, 440 Mass. 309 (2003).

      We understand that Robert Largess is seeking a temporary restraining order seeking to enjoin the enforcement of <u>Goodridge</u> and that the case has been assigned to you.

      We wanted to bring to your attention a recent Order of the Supreme Judicial Court dated May 7, 2004 that should be dispositive of Mr. Largess' motion. I attach as Exhibit A hereto the Order in which the Supreme Judicial Court of Massachusetts ruled that it had subject matter jurisdiction over the claims in <u>Goodridge</u>, consistent with Article 30 of the Massachusetts Constitution and notwithstanding pt.2, c. III, art. V, and the motion that was before it.

      In addition, we want to bring to your attention a motion pending in Suffolk Superior Court in <u>Goodridge</u> by proposed intervenors Raymond Flynn and Thomas A. Shields, also making the argument raised by Mr. Largess and rejected by the Supreme Judicial Court last week. <u>See</u> Exhibit B.

      Finally, we want to bring to your attention another case currently pending before the Supreme Judicial Court on appeal from a denial of a motion before the Single Justice to stay <u>Goodridge</u>. I attach the decision of the Single Justice denying the motion and the notice of appeal to the full bench.

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, SS.                              SUPREME JUDICIAL COURT
                                         SJC-08860

HILLARY GOODRIDGE & others <u>vs</u>.

DEPARTMENT OF PUBLIC HEALTH & another.


<u>ORDER</u>

This case is presently before the court on the motion of
thirteen State representatives seeking leave to intervene in the
case as a matter of right.  They seek to intervene in order to
press a "motion to vacate the court's judgment for lack of
subject matter jurisdiction or, in the alternative, to extend the
court's stay pending resolution of the jurisdictional issue."  In
short, the prospective interveners maintain that this court was
without subject matter jurisdiction to decide this case in light
of Part 2, c. III, art. V, of the Massachusetts Constitution,
which provides that "[a]ll causes of marriage, divorce, and
alimony, and all appeals from the judges of probate shall be
heard and determined by the governor and council, until the
legislature shall, by law, make other provision."  They claim
that the court's "decision redefining marriage and establishing
new eligibility requirements for obtaining a marriage license
usurps [their] exclusive constitutional authority to determine
the courts' jurisdiction over marriage cases."

After careful consideration of all the materials submitted

3

constitutional issue, raised by the plaintiffs in the form of a
declaratory judgment action, by holding "that barring an
individual from the protections, benefits, and obligations of
civil marriage solely because that person would marry a person of
the same sex violates the Massachusetts Constitution." <u>Goodridge</u>
v. <u>Department of Pub. Health</u>, 440 Mass. 309, 344 (2003).  It was
within the court's jurisdiction to resolve an adversary case
requiring interpretation of the Constitution and a determination
of the validity of our laws.

                              By the Court,

                              Susan Mellen, Clerk

Entered:  May 7, 2004



In The
Supreme Judicial Court Of Massachusetts
Docket No. SJC-08860

| | | |
|---|---|---|
| Hillary Goodridge and others, | ) | Motion of Members of the General Court |
| Plaintiffs-Appellants, | ) | of Massachusetts to Vacate the Court's |
| | ) | Judgment for Lack of Subject Matter |
| vs. | ) | Jurisdiction or, in the Alternative, to Extend |
| | ) | the Court's Stay Pending the Resolution |
| Department of Public Health and another, | ) | of the Jurisdictional Issue and Memorandum |
| Defendants-Appellees | ) | of Law in Support Thereof |

## MOTION OF MEMBERS OF THE GENERAL COURT OF MASSACHUSETTS TO VACATE THE COURT'S JUDGMENT FOR LACK OF SUBJECT MATTER JURISDICTION OR, IN THE ALTERNATIVE, TO EXTEND THE COURT'S STAY PENDING RESOLUTION OF THE JURISDICTIONAL ISSUE, AND MEMORANDUM OF LAW IN SUPPORT THEREOF

Pursuant to provisions of the Massachusetts Constitution of the Commonwealth of

Massachusetts and Mass. R. App. P. 15(a), Representatives Mark Green (Dem.), Robert Corrigan

Vincent P. McCarthy*
     Counsel of Record
PO Box 1620
New Milford, Connecticut 06776
(860) 355-1902

Jay Alan Sekulow
Stuart J. Roth
James M. Henderson
Anne Gleason
Shannon Woodruff
Laura Hernandez
American Center for Law & Justice
201 Maryland Avenue NE
Washington, D.C. 20002
(202) 546-8890

Paul Benjamin Linton
921 Keystone Avenue
Northbrook, Illinois 60062-3614
(847) 291-3848

Thomas M. Harvey, Esq.
Massachusetts Bar No. 225050
One Constitution Plaza
Boston, Massachusetts 02129
(617) 886-0364
Fax (617) 598-3900

*Attorneys for Applicants*

*Application for Admission *Pro Hac Vice* Pending

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES................................................................................................ii

STATEMENT OF MOTION...........................................................................................1

PREAMBLE................................................................................................................1

MEMORANDUM.........................................................................................................4

I.      THIS COURT IS REQUIRED UNDER THE MASSACHUSETTS CONSTITUTION
        TO VACATE ITS JUDGMENT IN <u>GOODRIDGE</u> BECAUSE THE COURT LACKS
        SUBJECT MATTER JURISDICTION...........……………………………………...............4

        A.  SUBJECT MATTER JURISDICTION IS NOT WAIVED AND CAN BE RAISED AT ANY TIME,
            EVEN AFTER ENTRY OF JUDGMENT……………………......…...........................5

        B.  THE CONSTITUTION GRANTS THE LEGISLATURE THE EXCLUSIVE AUTHORITY OVER
            TRANSFERRING SUBJECT MATTER JURISDICTION IN ALL CASES INVOLVING MARRIAGE,
            DIVORCE AND ALIMONY…………………………...........……………......................7

        C.  ALTHOUGH THE LEGISLATURE HAS TRANSFERRED SOME ELEMENTS OF JURISDICTION
            TO THE COURTS, THAT JURISDICTION IS LIMITED AND DOES NOT ENCOMPASS THE
            DEFINITIONAL ISSUE PRESENTED IN <u>GOODRIDGE</u>...…….....……...........................8

        D.  NEITHER THE PLAINTIFFS-APPELLANTS NOR THE COURT HAS PROVIDED ANY VALID
            BASIS FOR THE EXERCISE OF SUBJECT MATTER JURISDICTION BECAUSE NO SUCH
            BASIS EXISTS....…………………..…………........................................................11

CONCLUSION....................................................................................................14

i

## TABLE OF AUTHORITIES

**Cases:**

Adams v. Holt, 214 Mass. 77 (1913)...................................................................................10

Answer of the Justices to the Council, 362 Mass. 914 (1973)...........................................2

Bernatavicius v. Bernatavicius, 259 Mass. 486 (1927)....................................................10

Connors v. City of Boston, 430 Mass. 31 (1999)..............................................................10

Goodridge v. Dep't of Public Health, 440 Mass. 309 (2003)...................................*passim*

Gottsegen v. Gottsegen, 397 Mass. 617 (1986).................................................................10

Harker v. Holyoke, 390 Mass. 555 (1983)......................................................................6, 13

Haverty v. Comm'r of Correction, 440 Mass. 1  (2003).......................................................1

Kelley v. Kelley, 161 Mass. 111 (1894)..............................................................................9

Konstantopoulos v. Whately, 384 Mass. 123, 127 (1981)..................................................12

LaGrant v. Boston Housing Authority., 403 Mass. 328 (1988)............................................ 3

Litton Business Systems, Inc.. v. Comm'r of Revenue, 383 Mass. 619 (1981).....................6

Loring v. Young, 239 Mass. 349 (1921)..........................................................................9, 10

The Nature Church v. Bd. of Assessors of Belchertown, 384 Mass. 811 (Mass. 1981)..........6

Old Colony Trust Co. v. Porter, 324 Mass. 581 (1949)..................................................6, 13

O'Malley v. O'Malley, 419 Mass. 377 (1995)...................................................................12

Opinion of the Justices to the House of Representatives, 328 Mass. 674 (1952)...................2

Opinion of the Justices to the Senate, 383 Mass. 895 (1981)...............................................2

Pratt v. City of Boston, 396 Mass. 37 (1985)....................................................................12

Robbins v. Robbins, 140 Mass. 528 (1886)......................................................................10

ROPT Limited. Partnership v. Katin, 431 Mass. 601 (2000)........................................5, 6, 7

*Sisters of Holy Cross v. Town of Brookline*, 347 Mass. 486 (1964)............................................12

*Sparhawk v. Sparhawk*, 116 Mass. 315 (1874)...............................................................10

*Town of Brookline v. The Governor*, 407 Mass. 377 (1990).............................................3

*White v. White*, 105 Mass. 325 (1870)...................................................................9

**Constitutional Provisions, Statutes, and Rules:**

Mass. Const. Part 1, art. XXX...............................................................*passim*

Mass. Const. Part 2, ch. I, § I, art. I........................................................1

Mass. Const. Part 2, ch. I, § I, art. IV....................................................1, 2

Mass. Const. Part 2, ch. II, § I.................................................................1

Mass. Const. Part. 2, ch. II, § 1, art. I......................................................1

Mass. Const. Part 2, ch. II, § 1, art. IV..................................................1, 8

Mass. Const. Part 2, ch. II, § III, art. I..................................................1, 8

Mass. Const. Part 2, ch. III.................................................................1, 3

Mass. Const. Part 2, ch. III, art. V......................................................*passim*

MASS. GEN. LAWS ch. 207 § 14.................................................................8

MASS. GEN. LAWS ch. 231A, § 1...............................................................12

MASS. REV. STAT. 76 (1836)..................................................................8-9

1785 Mass. Acts 69..........................................................................8

Mass. R. App. P. 15(c)......................................................................1

MASS. R. CIV. P. 12(h)(3)...................................................................6

MASS. R. CIV. P. 60(b)(4)...................................................................6

**Other Authorities:**

THE FEDERALIST NO. 47 (James Madison)........................................................2

iii

## STATEMENT OF MOTION

**MOTION OF REPRESENTATIVES MARK CARRON (DEM.), ROBERT CORREIA (DEM.), VIRIATO M. DEMACEDO (REP.), ROBERT S. HARGRAVES (REP.), PETER LARKIN (DEM.), JAMES MICELI (DEM.), ANGELO SCACCIA (DEM.), PHILIP TRAVIS (DEM.), *ET AL.*, CITIZENS OF THE COMMONWEALTH AND MEMBERS OF THE LEGISLATURE, TO VACATE THE COURT'S JUDGMENT OR, IN THE ALTERNATIVE, EXTEND THE COURT'S EXISTING STAY PENDING THE RESOLUTION OF THE JURISDICTIONAL ISSUE**

Pursuant to the provisions of the Constitution of the Commonwealth of Massachusetts, specifically Part 1, art. XXX, and Part 2, ch. I, § I, arts. I, IV; ch. II, § I, arts. I, IV; ch. II, § III, art. I; ch. III, art. V; and Mass. R. App. P. 15(c), Representatives Mark Carron (Dem.), Robert Correia (Dem.), Viriato M. deMacedo (Rep.), Robert S. Hargraves (Rep.), Peter Larkin (Dem.), James Miceli (Dem.), Angelo Scaccia (Dem.), Philip Travis (Dem.), *et al.*, citizens of the Commonwealth and Members of the Legislature, respectfully move the Supreme Judicial Court to vacate its judgment in the above-captioned case for lack of subject matter jurisdiction and remand the case to the superior court with directions to dismiss plaintiffs' complaint, or, in the alternative, to extend the Court's existing stay of its judgment pending resolution of the jurisdictional issue.[2]  In support of this motion, the Commonwealth's Legislators submit the accompanying Memorandum of Law in Support of their Motion.

## PREAMBLE

The Massachusetts Constitution establishes three co-equal and independent branches of government.  The legislative power is reposed in the General Court, Mass. Const. Part 2, ch. I, § I, arts. I, IV; the supreme executive power is reposed in the Governor, Mass. Const. Part 2, ch. II, § 1; and the judicial power is reposed in the judiciary, Mass. Const. Part. 2, ch. III.  Under the

---

[2] A single justice has the authority to grant a stay.  See Haverty v. Comm'r of Correction, 440 Mass. 1, 4 (2003) (noting that single justice had granted partial stay of county court's order).

1

Massachusetts Constitution, no branch of government shall exercise the powers of either of the other two branches. <u>Mass.</u> <u>Const.</u> Part 1, art. XXX.  This separation of powers is essential for preserving the rule of law and preventing tyranny—whether from the executive, legislative, or judicial branch. <u>See</u> THE FEDERALIST NO. 47 (James Madison) ("The accumulation of all powers, legislative, executive, and judiciary, in the same hands, whether of one, a few, or many, and whether hereditary, self-appointed, or elective, may justly be pronounced the very definition of tyranny.").

This Court has emphasized the vital importance of ensuring this separation of powers so that the "judicial shall never exercise the legislative and executive powers." <u>Mass.</u> <u>Const</u>. Part 1, art. XXX.  Under this principle, each branch of government performs its constitutionally-established functions within its own limited jurisdiction.  As the Court has acknowledged, this limitation also applies to the courts. <u>See</u> <u>Opinion of the Justices to the Senate</u>, 383 Mass. 895, 916 (1981) ("[B]oundaries set by the Constitution on our duty to furnish opinions are jurisdictional in nature and 'must be strictly observed in order to preserve the fundamental principle of the separation of the judicial from the executive and the legislative branches of government.'") (quoting <u>Answer of the Justices to the Council</u>, 362 Mass. 914, 917 (1973)).

Moreover, the Court has made clear that no branch of government (and most especially the Legislature) may abandon or transfer any of the powers entrusted to it by the Constitution to any other person or group of persons. <u>See</u> <u>Opinion of the Justices to the House of Representatives</u>, 328 Mass. 674, 675 (Mass. 1952) ("Article 30 of the Declaration of Rights provides for the permanent separation of the executive, legislative, and judicial powers in the government of the Commonwealth, and the Constitution, by the various provisions of c. 1, § 1, particularly those contained in art. 4, designates the General Court as the repository of the

legislative power. *It is fundamental that no one of the three great departments of government can abandon any of the powers entrusted to it by the Constitution or transfer those powers to any other person or group of persons. If this could be done the plan of government laid down by the Constitution could be destroyed.*") (emphasis added).

Therefore, as the duly-elected representatives of the People of the Commonwealth of Massachusetts, Members of the General Court have the responsibility under the Constitution itself to come forth when their legislative power and their constitutional authority have been unconstitutionally abrogated in violation of the Massachusetts Constitution. See Town of Brookline v. The Governor, 407 Mass. 377, 384 n.10 (1990) ("We would be reluctant to tolerate a situation in which allegedly unconstitutional conduct would be free from judicial scrutiny even on the request of an entity most directly affected by the alleged unlawful conduct."); LaGrant v. Boston Housing Authority, 403 Mass. 328, 330 (1988) (concluding that a branch of government has standing in a "claim that [another branch] has violated art. 30 by encroaching on [its] power" for if it "cannot seek judicial relief, then the . . . branch might be foreclosed from protecting its separate powers"). By its assumption of subject matter jurisdiction in Goodridge, this Court has unconstitutionally infringed on the Legislature's jurisdiction as the sole authority empowered under the Constitution to transfer jurisdiction in all cases involving marriage. Part 2, ch. III, art.. V, of the Massachusetts Constitution states:

> All causes of marriage, divorce, and alimony, and all appeals from the judges of probate shall be heard and determined by the governor and council, until the legislature shall, by law, make other provision.

In exercising subject matter jurisdiction in Goodridge v. Dep't of Public Health, 440 Mass. 309 (2003), this Court violated both Part 2, ch. III, art. V, and Part 1, art. XXX, of the Massachusetts Constitution. The Court is thus constitutionally required to vacate its judgment in Goodridge for

lack of subject matter jurisdiction and remand the case to the superior court with directions to dismiss plaintiffs' complaint.

## MEMORANDUM

**I.    THE COURT IS REQUIRED UNDER THE MASSACHUSETTS CONSTITUTION TO VACATE ITS JUDGMENT IN <u>GOODRIDGE</u> BECAUSE THE SUPREME JUDICIAL COURT LACKS SUBJECT MATTER JURISDICTION.**

The Massachusetts Constitution requires this Court to vacate its judgment in <u>Goodridge</u> <u>v. Dep't of Public Health</u> because the Court lacks subject matter jurisdiction over the case. Under the Massachusetts Constitution, the exclusive original subject matter jurisdiction for deciding cases involving marriage is granted to the Governor and Council, until the Legislature makes other provision through a statutory transfer of authority. Although the Legislature has transferred *some* elements of jurisdiction under this constitutional provision to the courts, that jurisdiction is limited and does not encompass the issues presented in <u>Goodridge</u>, Because the Legislature has not removed subject matter jurisdiction from the Governor, the Governor, not this Court (or any inferior court), has original and exclusive subject matter jurisdiction over the case brought by plaintiffs.

The plaintiffs in <u>Goodridge</u>, seven same-sex couples, sought and were denied marriage licenses. Their lawsuit challenging the denial of the issuance of the licenses raised two issues: First, whether under current Massachusetts statutes governing marriage, same-sex couples are eligible to obtain marriage licenses. Second, whether, if the statutes do not allow marriage licenses to be issued to same-sex couples, those statutes violate the Massachusetts Constitution. Neither issue falls within the limited subject matter jurisdiction the legislature has conferred upon the judiciary in matters relating to marriage. That jurisdiction is restricted to deciding questions pertaining to divorce, alimony, annulment and affirmation and does not encompass the redefinition of marriage to include same-sex couples. The majority opinion in <u>Goodridge</u> itself

5

recognized that its decision went far beyond the resolution of any issue relating to the validity of a particular marriage and offers the best evidence that the Court's limited jurisdictional powers regarding marriage questions as granted by the Legislature were exceeded.  Chief Justice Marshall noted that "[w]e are mindful that our decision marks a change in the history of our marriage law."  She further acknowledged that the case raised "a question not previously addressed by a Massachusetts appellate court."  The Chief Justice began her substantive analysis with a statement that the justices were "considering the nature of civil marriage itself."  She admitted that "[c]ertainly our decision today marks a significant change in the definition of marriage as it has been inherited from the common law, and understood by many societies for centuries."  Finally, the Chief Justice characterized the court's action as "constru[ing]" and "reformulat[ing]" civil marriage "to mean the voluntary union of two persons as spouses, to the exclusion of all others."  Goodridge, 440 Mass. at 312, 313, 321, 337, 343.

Rather than addressing whether a particular licensed marriage was valid by examining the facts before it, the majority moved to the substantive issue of what should constitute the definition or nature of civil marriage in general, and employed an unprecedented judicial remedy that radically changed the legal definition of marriage.  Nowhere can there be found the requisite legislative grant of jurisdiction empowering such judicial action concerning marriage.

### A.  SUBJECT MATTER JURISDICTION IS NOT WAIVED AND CAN BE RAISED AT ANY TIME, EVEN AFTER ENTRY OF JUDGMENT.

The question of the Court's jurisdiction to hear the definitional issue presented by the plaintiffs in Goodridge was not presented to the Court by the Office of the Attorney General.  Nevertheless, it is properly before the Court because the question of subject matter jurisdiction may be raised and decided at any time, even after judgment has been entered.  See ROPT Limited Partnership v. Katin, 431 Mass. 601, 605 (2000) (vacating final judgment for lack of

6

subject matter jurisdiction for "[w]here a court lacks subject matter jurisdiction, the judgment is void and time limitations for raising the issue are inapplicable") (citing MASS. R. CIV. P. 60(b)(4)); MASS. R. CIV. P. 12(h)(3) ("Whenever it appears by suggestion of a party or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action.").

In Goodridge, the Court did not mention the jurisdictional issue. Indeed, the Court made no reference to subject matter jurisdiction in the entire opinion.[3] However, it is the duty of the Court to examine on its own motion whether it has jurisdiction to hear the case, even if the jurisdictional issue is not raised. See The Nature Church v. Bd. of Assessors of Belchertown, 384 Mass. 811, 812 (Mass. 1981) ("Courts and other adjudicatory bodies have both the power and the obligation to resolve problems of subject matter jurisdiction whenever they become apparent, regardless whether the issue is raised by the parties."). Moreover, subject matter jurisdiction cannot be conferred by consent, conduct, or waiver. See ROPT Limited. Partnership, 431 Mass. at 605 ("Subject matter jurisdiction cannot be conferred by consent, conduct or waiver."); Harker v. Holyoke, 390 Mass. 555, 559 (1983) (same); Litton Business Systems, Inc.. v. Comm'r of Revenue, 383 Mass. 619, 622 (1981) (same).

Thus, in Goodridge, the Court had an independent constitutional duty to consider on its own motion whether the case was within its jurisdiction. The Court failed to fulfill this duty. Yet, a judgment entered without proper jurisdiction over a case, like the judgment in Goodridge, is "wholly void and of no effect." Old Colony Trust Co. v. Porter, 324 Mass. 581, 586 (1949). The Court stated:

---

[3] In his dissent, Justice Spina criticized the majority opinion for not recognizing the separation of powers principle embodied in Part 1, art. XXX. See 440 Mass. at 350-51 ("what is at stake in this case is . . . . the power of the Legislature to effect social change without interference from the courts, pursuant to art. 30 of the Declaration of Rights") (Spina, J., dissenting). His dissent, however, did not discuss subject matter jurisdiction or Part 2, ch. III, art. V.

> [I]f a statutory requirement of a jurisdictional fact means anything, sound reason would
> seem to dictate that in general a judgment or decree entered in the absence of the
> jurisdictional fact must be wholly void and of no effect, and that evidence must be
> competent to show that the fact was absent whenever anyone attempts to rely upon the
> judgment or decree or whenever anyone's interests are adversely affected by it. If this
> were not so, validity would be imparted to a judgment which the court had no jurisdiction
> to render.

Id.[4] See also ROPT Limited Partnership, 431 Mass. at 605 (vacating final judgment for lack of

subject matter jurisdiction for "[w]here a court lacks subject matter jurisdiction, the judgment is

void and time limitations for raising the issue are inapplicable"). Subject matter jurisdiction is

lacking "if there is total want of jurisdiction over the case or a clear usurpation of power."

O'Malley v. O'Malley, 419 Mass. 377, 382 (1995).

### B.   THE CONSTITUTION GRANTS THE LEGISLATURE THE EXCLUSIVE AUTHORITY OVER TRANSFERRING SUBJECT MATTER JURISDICTION IN ALL CASES INVOLVING MARRIAGE, DIVORCE AND ALIMONY.

The Legislature has the exclusive authority over transferring subject matter jurisdiction in

all cases involving marriage, divorce and alimony:

> All causes of marriage, divorce, and alimony, and all appeals from the Judges of probate
> shall be heard and determined by the Governor and Council, until the Legislature shall,
> by law, make other provision.

Mass. Const. Part 2, ch. III, art. V. Thus, the Constitution of the Commonwealth explicitly gives

the *political* branches, not the *judicial* branch, authority over jurisdiction in marriage cases.

Unless the Legislature makes an express transfer of jurisdiction concerning marriage, jurisdiction

to determine all causes of marriage, divorce, and alimony resides with the Governor and Council

under art. V.

---

[4] The Court noted that these principles concerning the absence of jurisdiction apply to judgments
affecting status such as divorce. Id. at 587 ("These principles apply to judgments in rem or quasi
in rem and to judgments affecting status, including decrees of divorce.").

C.    **ALTHOUGH THE LEGISLATURE HAS TRANSFERRED SOME ELEMENTS OF JURISDICTION TO THE COURTS, THAT JURISDICTION IS LIMITED AND DOES NOT ENCOMPASS THE DEFINITIONAL ISSUE PRESENTED IN GOODRIDGE.**

The Legislature has transferred *some* elements of jurisdiction under this constitutional provision to the courts, but that jurisdiction is limited and certainly does not encompass the definitional issue raised in Goodridge. Under the Massachusetts Constitution, the exclusive original subject matter jurisdiction for deciding cases involving marriage was placed in the Governor and Council, until the Legislature made other provision. Mass. Const. Part 2, ch. III, art. V. See also Mass. Const. Part 2, ch. II, § 1, art. IV, and ch. II, § III, art. 1 (creating Council and establishing its powers). The Legislature, however, has "made other provision" only in cases involving divorce, alimony, affirmation, and annulment. The Legislature has *not* enacted any similar provision to transfer jurisdiction in any other case of marriage such as the definitional issue in Goodridge.

The Legislature has enacted only two provisions transferring jurisdiction under article V: one statute relating to divorce and alimony; and one statute relating to affirmation and annulment. First, in 1785 the Legislature passed "An Act for regulating Marriage and Divorce," which extended jurisdiction to the courts on matters of divorce and alimony. The second to last provision of that act provides "Be it therefore enacted by the authority aforesaid, that all questions of divorce and alimony shall be heard and tried by the Supreme Judicial Court holden for the county where the parties live, and that the decree of the same Court shall be final." 1785 Mass. Acts 69. Second, in 1836 the Legislature extended the court's jurisdiction to questions of affirmation or annulment of marriage.[5] The Revised Statutes of 1836 contain, in the statute

---

[5] Affirmation is the opposite of annulment—a legal declaration that the marriage in question is valid. See MASS. GEN. LAWS ch. 207 § 14 ("If the validity of a marriage is doubted, either party

9

pertaining to divorce, a provision providing that if the validity of a marriage was doubted, a libel

for annulment was to be filed as for divorce. Mass. Rev. Stat. 76, §§ 3-4 (1836). The Supreme

Judicial Court's jurisdiction, therefore, encompassed all cases of divorce and alimony and all

cases of affirmation or annulment of marriage.

Since that time, however, there has been no expansion of the subject matter jurisdiction

of the court. The subject matter jurisdiction of the court in cases of marriage and divorce

remains the same as it was in 1836. Statutes have been passed which transfer jurisdiction within

the court system itself, but no statute has been passed which provides for any further jurisdiction

by the court. Specifically, there has been no statute or provision by the Legislature granting

jurisdiction to the court to hear a case which concerns the definition of marriage in the

Commonwealth. Neither has there been any general grant of jurisdiction concerning all causes

of marriage to any court. Without such a provision, the Goodridge case should have been heard

by the Governor and Council in accordance with the requirements of the Constitution.

This Court has consistently recognized this constitutional restriction on its jurisdiction in

cases of marriage and divorce. The Court has always emphasized that an express transfer of

jurisdiction by the Legislature is necessary before it has authority to hear such cases. See Loring

v. Young, 239 Mass. 349, 366 (1921) (noting that Massachusetts courts do not have general

jurisdiction to decide cases relating to marriage without specific grant of jurisdiction from the

Legislature); Kelley v. Kelley, 161 Mass. 111, 111 (1894) ("In this Commonwealth, no power

exists in any court to pass an order for the payment of alimony *pendente lite*, or of permanent

alimony, in a matrimonial cause of any description, except under provisions of statute conferring

such power."); White v. White, 105 Mass. 325, 327 (1870) (asserting jurisdiction over a case

_____

may institute an action for annulling such marriage, or if it is denied or doubted by either party,
the other party may institute an action for affirming the marriage.").

involving divorce and affirmation of marriage only after recognizing the constitutional provision and the necessary statutory transfer of jurisdiction by the Legislature); see also Bernatavicius v. Bernatavicius, 259 Mass. 486, 488 (1927); Adams v. Holt, 214 Mass. 77, 78 (1913); Robbins v. Robbins, 140 Mass. 528, 529-30 (1886).[6]  During the last rearrangement of the Massachusetts Constitution, the delegates were explicit in continuing to include Part 2, ch. III, art. V, for "*the words constituted an operative article, still in force, which should remain in the Constitution.*" Loring, 239 Mass. at 366 (citing Volume 4 of Debates, pp. 74 to 80) (emphasis added).

Thus, the Massachusetts Constitution and the decisions of this Court are clear: a specific grant of jurisdiction from the Legislature is necessary in order for any court to hear "causes" involving marriage, divorce, or alimony.  The Court has interpreted the word "causes" in the marriage provision as being equivalent to "'controversies" or "cases."'" Sparhawk v. Sparhawk, 116 Mass 315, 317 (1874).  Therefore, any court must have a specific grant of jurisdiction from the Legislature before it can hear any cases or controversies concerning marriage.  Goodridge is clearly a controversy concerning marriage.  It does not, however, fall under any of the categories of controversies over which the courts have jurisdiction.  Goodridge is neither a controversy

---

[6] As the Court has recently noted, this constitutional principle, establishing civil marriage as the special domain of the political branches, carried over from colonial times.  See Gottsegen v. Gottsegen, 397 Mass. 617, 621 (1986) (noting that the colonial Legislature "vested jurisdiction over all questions of marriage and divorce in the Governor and Council").  Moreover, this constitutional principle of giving original exclusive subject matter jurisdiction to the Governor and Council and the power to delegate that jurisdiction to the Legislature is not an obsolete tradition, but is strongly supported by the unique competence of the democratic branches to deal with complicated questions of marriage and family law.  This Court recently acknowledged the Legislature's special competence over marriage law: "Adjustments in the legislation [concerning marriage and family] to reflect these new social and economic realities *must come from the Legislature.*"  Connors v. City of Boston, 430 Mass. 31, 42-43 (1999) (emphasis added).  Accordingly, this constitutional principle is buttressed by Article XXX of the Massachusetts Declaration of Rights, which provides that "the judicial [department] shall never exercise the legislative and executive powers, . . . to the end that it may be a government of laws and not of men."  Mass. Const. Part 1, art. XXX.

11

concerning divorce and alimony, nor a controversy concerning affirmation or annulment of marriage. <u>Goodridge</u> presented a question entirely separate from those over which the court has jurisdiction. <u>Goodridge</u> called for a redefinition of marriage. <u>See</u> 440 Mass. at 337 ("Certainly our decision today marks a significant change in the definition of marriage as it has been inherited from the common law, and understood by many societies for centuries."). Such a case does not fall within the current jurisdiction of the Court. In the absence of legislation conferring jurisdiction upon the courts to hear such controversies, the case, or any future similar case challenging the definition of marriage, must be brought before the Governor and Council acting as a court under a constitutional grant of authority.[7]

### D. NEITHER THE PLAINTIFFS-APPELLANTS NOR THE COURT HAS PROVIDED ANY VALID BASIS FOR THE EXERCISE OF SUBJECT MATTER JURISDICTION BECAUSE NO SUCH BASIS EXISTS

Under Part 2, ch. III, art. V, the Governor and Council have exclusive authority over matters pertaining to marriage, "until the Legislature shall, by law, make other provisions." As the case law set forth above demonstrates, this Court has long recognized that the courts have *no* jurisdiction over marriage matters except and only to the extent that the Legislature expressly confers such jurisdiction. But the only jurisdiction the Legislature has conferred upon the courts (in reference to marriage) relates to divorce, alimony, annulment and affirmation. It is remarkable, therefore, that the majority opinion in <u>Goodridge</u> makes no reference to subject

---

[7] This constitutional arrangement does not leave the plaintiffs without redress. Plaintiffs have four legitimate courses of action. First, they could petition the Legislature to pass a statute transferring jurisdiction over matters concerning the definition of marriage to the courts. Second, plaintiffs could petition the Legislature for a change in the substantive law. Third, they could bring their case before the proper tribunal, which in this case would be the Governor and Council. Fourth, plaintiffs could bring a claim in federal court under the United States Constitution. However, the plaintiffs are not allowed to bring a claim that alleges violations of the Massachusetts Constitution, while at the same time asking the court to violate that same Constitution by exercising unauthorized jurisdiction over the subject matter of this case.

matter jurisdiction. It simply assumed such jurisdiction without examination. The sole basis for the Court's jurisdiction alleged in the plaintiff-appellants' Verified Complaint (¶ 12) is MASS. GEN. L. c. 231A, § 1 (declaratory judgments). This statute, however, specifically states that it does not of itself grant subject matter jurisdiction: "The supreme judicial court, the superior court, the land court and the probate courts, *within their respective jurisdictions*, may on appropriate proceedings make binding declarations of right." MASS. GEN. L. c. 231A, § 1 (emphasis added). Indeed, the Court has repeatedly held that this statute concerning declaratory judgments does *not* provide an independent basis for subject matter jurisdiction where none exists. See Pratt v. City of Boston, 396 Mass. 37, 42-43 (1985) ("The plaintiffs are incorrect in their assertion that G.L. c. 231A provides an independent statutory basis for standing or subject matter jurisdiction. General Laws 'c. 231A, § 1 . . . does not expand the jurisdiction of the courts upon which it confers power to render declaratory decrees.'") (quoting Konstantopoulos v. Whately, 384 Mass. 123, 127 (1981)); Sisters of Holy Cross v. Town of Brookline, 347 Mass. 486, 491 (1964) (Chapter 231A, § 1 "does not expand the jurisdiction of the courts upon which it confers power to render declaratory decrees; the statute makes it clear that this power is conferred on the courts 'within their respective jurisdictions'"). Thus, the power to make declaratory judgments *presupposes* jurisdiction by the court. But the appellants have failed to allege an independent basis for subject matter jurisdiction, and none exists. Jurisdiction in all cases of marriage other than actions for divorce and alimony or affirming or annulling marriage are within the exclusive original jurisdiction of the Governor and Council. This Court cannot abrogate that constitutionally-established authority without an express statute from the Legislature transferring subject matter jurisdiction. Therefore, the judgment in Goodridge

13

should be vacated immediately for lack of subject matter jurisdiction as required by Part 2, ch. III, art. V of the Massachusetts Constitution.

However, if the Court does not immediately vacate its judgment, it should, at a minimum, extend the stay of its judgment because there is sufficient constitutional ambiguity about jurisdiction to merit full briefing and the opportunity for the Legislature and the Governor to be heard on this issue before Goodridge is implemented. A unilateral judicial implementation of the judgment in Goodridge without fully addressing the jurisdiction issue presented and the Court's limited power under Part 2, ch. III, art. V, would be a constitutional affront to the Legislature, the Governor and the People of the Commonwealth. Moreover, if the Court allows its decision to become final without addressing the issue of its jurisdiction, its judgment would be subject to collateral attack at any time by anyone whose rights would be affected by the Court's decision and who was not a party to the original lawsuit. See Harker v. Holyoke, 390 Mass. 555, 558-61 (1983); Old Colony Trust Co. v. Porter, 324 Mass. 581, 586-89 (1949). Given the breadth and scope of the Court's redefinition of marriage in Goodridge, the number of persons potentially affected by its decision would be enormous. To the extent that their rights and obligations would be adversely affected by Goodridge, they would have standing to challenge the ruling in a collateral attack. It goes without saying that it would be far preferable for the Court to confront the issue of its lack of subject matter jurisdiction now, before its decision takes effect, than after a final judgment has been entered by the superior court.

14

**CONCLUSION**

For the foregoing reasons, Representatives Mark Carron (Dem.), Robert Correia (Dem.),

Viriato M. deMacedo (Rep.), Robert S. Hargraves (Rep.), Peter Larkin (Dem.), James Miceli

(Dem.), Angelo Scaccia (Dem.), Philip Travis (Dem.), et al., respectfully request that this Court

vacate the judgment in <u>Goodridge</u> for lack of subject matter jurisdiction and remand the case to

the superior court with directions to dismiss plaintiffs' complaint, or, in the alternative, extend

the Court's existing stay pending the resolution of the jurisdictional issue.

Respectfully submitted,

Hon. Mark Carron, Robert Correia, Viriato M.
deMacedo, Robert S. Hargraves, Peter Larkin,
James Miceli, Angelo Scaccia, Philip Travis, *et al.*,
Members of the General Court of Massachusetts

15

Vincent P. McCarthy*
        Counsel of Record
PO Box 1620
New Milford, Connecticut 06776
(860) 355-1902

Jay Alan Sekulow
Stuart J. Roth
James M. Henderson
Anne Gleason
Shannon Woodruff
Laura Hernandez
American Center for Law & Justice
201 Maryland Avenue NE
Washington, D.C. 20002
(202) 546-8890

Paul Benjamin Linton
921 Keystone Avenue
Northbrook, Illinois 60062-3614
(847) 291-3848

Thomas M. Harvey, Esq.
One Constitution Plaza
Boston, Massachusetts  02129
(617) 886-0364
Fax (617) 598-3900

*Attorneys for Applicants*

*Application for Admission *Pro Hac Vice* Pending

## ADDENDUM

1.    Representative Christopher P. Asselin
2.    Representative Mark J. Carron
3.    Representative Robert Correia
4.    Representative Viriato M. deMacedo
5.    Representative Robert S. Hargraves
6.    Representative William Lantigua
7.    Representative Peter J. Larkin
8.    Representative John A. Lepper
9.    Representative James R. Miceli
10.   Representative Elizabeth A. Poirier
11.   Representative Angelo M. Scaccia
12.   Representative Joyce A. Spiliotis
13.   Representative Philip Travis

CERTIFICATE OF SERVICE

I, Thomas M. Harvey, attorney for the proposed Intervenors, Members of the General Court, hereby certify that on April 27, 2004, I served the foregoing <u>Motion of Members of the General Court of Massachusetts to Vacate the Court's Judgment for Lack of Subject Matter Jurisdiction or, In the Alternative, to Extend the Court's Stay Pending Resolution of the Jurisdictional Issue, and Memorandum of Law in Support Thereof</u> by hand delivery to counsel for the Plaintiffs,

Mary L. Bonauto,
Jennifer L. Levy,
Bennett H. Klein,
Karen L. Loewy,
Gay & Lesbian Advocates & Defenders
294 Washington Street, Suite 301
Boston, Massachusetts 02108-4608

and counsel for the defendants,

Judith S. Yogman, Assistant Attorney General,
Anthony E. Penski, Assistant Attorney General
One Ashburton Place
Boston, Massachusetts 02108-1698


Thomas M. Harvey, Esq.
One Constitution Plaza
Boston, Massachusetts 02129
(617) 886-0364
Fax (617) 598-3900

*Thomas M. Harvey*