IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Case No. 04-10921-JLT

ROBERT P. LARGESS,
    Plaintiff

v.

SUPREME JUDICIAL COURT FOR THE STATE OF MASSACHUSETTS; CHIEF JUSTICE MARGARET MARSHALL, JUSTICE ROBERT J. CORDY, JUSTICE JUDITY A. COWIN, JUSTICE JOHN M. GREANEY, JUSTICE RODERICK L. IRELAND, JUSTICE MARTHA B. SOSMAN, JUSTICE FRANCIS X. SPINA, in their official capacities as Justices of the Supreme Judicial Court of Massachusetts; MASSACHSUETTS DEPARTMENT OF PUBLIC HEALTH; CHRISTINE C. FERGUSON, in her official capacity as Commissioner of the Massachusetts Department of Public Health; JUDY A. McCARTHY, in her official capacity as City Registrar for the City of Boston; CITY AND TOWN CLERKS 1-350
    Defendants

**MEMORANDUM OF CITY OF BOSTON AND JUDY A. McCARTHY IN OPPOSITION TO PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION AND TEMPORARY RESTRAINING ORDER**

**I.    INTRODUCTION**

The Defendants, City of Boston and Judy A. McCarthy, in her official capacity as City Registrar for the City of Boston (hereinafter collectively referred to as "Boston"), hereby oppose Plaintiff's motion for preliminary injunction and temporary restraining order, and submit this memorandum in support of their opposition.

## II. STATEMENT OF THE CASE

This case arises out of a recent decision of the Massachusetts Supreme Judicial Court ("SJC") interpreting the Massachusetts Constitution. That decision – *Goodridge v. Department of Health* (440 Mass. 309) – stated that Massachusetts rules regarding marriage licenses violated the Massachusetts Constitution by barring individuals from marrying people of the same sex.

The Plaintiff in the instant action claims he is entitled to relief that would enjoin the enforcement of the *Goodridge* decision because said decision "constitutes a violation of plaintiff's federal constitutional guarantee of a republican form of government." For the reasons stated below, Plaintiff's Motion for Preliminary Injunction and Temporary Restraining Order must be denied.

## III. ARGUMENT

### A.   *This Court Lacks Jurisdiction over this Matter*

#### 1.   **Plaintiff Lacks Standing to Bring this Case**

Plaintiff, Robert Largess, moves this Court for a Temporary Restraining Order, seeking *inter alia* injunctive relief restraining the City Clerks of Massachusetts from issuing marriage licenses to same-sex couples. As explained below, because Plaintiff lacks standing to challenge the enforcement of the Supreme Judicial Court's ruling in *Goodridge v. Department of Public Health*, 440 Mass. 309 (2003), his motion for a Temporary Restraining Order must be denied. "If a party lacks standing to bring a matter before the court, the court lacks jurisdiction to decide the merits of the underlying case." *United States v. AVX Corp.*, 962 F.2d 108, 114 (1st Cir. 1992).

Article III of the Constitution limits federal jurisdiction to deciding only actual cases and controversies. *Allen v. Wright*, 468 U.S. 737, 750, 82 L. Ed. 556, 104 S. Ct. 3315 (1984).

Accordingly, the standing doctrine establishes a threshold inquiry in every federal case, asking "whether the plaintiff has 'alleged such a personal stake in the outcome of the controversy' as to warrant his invocation of federal-court jurisdiction and to justify exercise of the court's remedial powers on his behalf."  *Warth v. Seldin*, 422 U.S. 490, 498-99, 45 L.Ed. 2d 343, 95 S.Ct. 2197 (1975).

To meet the standing requirements a litigant must show (1) that she personally has suffered some actual or threatened injury as a result of the putatively illegal conduct of the defendant; (2) that the injury 'fairly can be traced to the challenged action; and (3) is likely to be redressed by a favorable decision. *American Postal Workers Union, et al. v. Anthony M. Frank, et al.*, 968 F.2d 1373 (1st Cir.) (1992) (citing *Valley Forge Christian College v. Americans United for Separation of Church and State*, 454 U.S. 464, 472, 70 L. Ed. 2d 700, 102 S.Ct. 752 (1982)).  In the instant case, Plaintiff, Robert Largess, fails to pass the three threshold standing queries and his complaint and motion should be dismissed accordingly.

As to the first prong, which requires a showing of personal injury, there is absolutely no evidence in Plaintiff's complaint, motion or affidavit that he will endure an actual injury as a consequence of the enforcement of the Supreme Judicial Court's *Goodridge v. Department of Public Health*, 440 Mass. 309 (2003), decision.  In *Goodridge*, the Supreme Judicial Court held that the Commonwealth's ban on marriage between members of the same sex failed the rational basis test for either due process or equal protection under the Massachusetts Constitution. Plaintiff accurately notes in his complaint and motion for injunctive relief that as of May 17, 2004, City and Town clerks will issue marriage licenses to couples of the same sex. Nonetheless, plaintiff fails to show and cannot show any evidence that he personally will suffer an actual injury or threat of injury as a consequence of the enforcement of *Goodridge*.

Further, the Supreme Court has held that the decision to seek review must be placed "in the hands of those who have a direct stake in the outcome." *Sierra Club v. Morton*, 405 U.S. 727, 740, 31 L.Ed. 2d 636, 92 S.Ct. 1361 (1972). Deep felt interest in the outcome of a case does not constitute an actual injury under the standing doctrine, and the decision to seek review is not to be placed in the hands of "concerned bystanders," who will use it simply as a vehicle for the vindication of value interests." *United States v. SCRAP*, 412 U.S. 669, 687, 93 S.Ct. 2405, 37 L.Ed.2d 254 (1973). Failing to clear the first standing hurdle, therefore, Plaintiff lacks standing to bring his motion for a Temporary Restraining Order.

Read liberally, the only possible "injury" plaintiff has suffered according to his complaint is the consequence of judicial review – a well-established principle since *Marbury v. Madison*, 5 U.S. (Cranch) 137 (1803). In fact, the *Goodridge* Court addressed this point eloquently, noting, "the history of constitutional law is the story of extension of constitutional rights and protections to people once ignored or excluded." Id. at 61, 966. (citing *United States v. Virginia*, 518 U.S. 515, 557, 135 L.Ed. 735, 116 S.Ct. 2264 (1996)). To the extent that Plaintiff is dissatisfied with the Commonwealth's highest court's interpretation of the state constitution, his only redress is in the legislature not the federal court.

Because Plaintiff cannot meet the first prong of the standing test, it is unnecessary to reach the second and third parts of the analysis. In any event, there is no question that plaintiff's complaint, motion and affidavit fail to pass muster. Plaintiff cannot show that his alleged injury can be fairly traced to the challenged conduct or that the injury likely will be redressed by a favorable decision from the court.

### 2. The Court Lacks Subject Matter Jurisdiction over this Case

Federal courts are not courts of general jurisdiction. *Commission v. Wolverine Radio Co., Inc.*, 930 F.2d 1132, 1137 (6th Cir.) 1991. Matters may be brought in federal court under three circumstances: (1) diversity of citizenship under 28 U.S.C. §1332; (2) federal question jurisdiction under 28 U.S.C. §1331; and (3) statutes specifically granting jurisdiction to federal courts, such as 18 U.S.C. §1964. Plaintiff's case lies outside of the limited subject matter jurisdiction of the federal courts. Therefore, not only should Plaintiff's motion be denied, his case must be dismissed.

The party requesting the district court's original jurisdiction has the duty of affirmatively alleging the existence of jurisdiction and if those allegations are properly controverted by an opposing party, the party requesting jurisdiction also has the burden of establishing jurisdiction. *Elliot v. Tilton*, 62 F.3d 725 (5th Cir. 1995); *see also*, *Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502 (2d Cir. 1994). Here, the Plaintiff claims subject matter jurisdiction by virtue of an alleged question arising under the Constitution. *Plaintiff's Complaint*, ¶¶ 4 & 5. Specifically, the Plaintiff claims that the SJC usurped the powers of the legislative branch, which violated the federal constitutional guarantee of a republican form of government, which violated Plaintiff's rights. *Plaintiff's Memorandum of Law*, p. 2. In essence, Plaintiff seeks to enjoin the implementation of a decision of a state's highest court interpreting a question of state law. *Plaintiff's Complaint*, p. 7. In so doing, Plaintiff attacks the political system he claims to be protecting.

"From the beginning we have had in this country two essentially separate legal systems. Each system proceeds independently of the other with ultimate review in [the Supreme] Court of the federal questions raised in either system." *Atlantic Coast Line R.R. v. Brotherhood of*

*Locomotive* Eng'rs, 398 U.S. 281, 286 (1970), cited in *Brown & Root, Inc. v. Breckenridge*, 211 F.3d 194, 198 (4th Cir. 2000). The *Rooker-Feldman* doctrine provides that a federal district court has no authority to review final judgments of a state court in judicial proceedings. *Brown & Root* at 198. Only the highest court of any state and, ultimately, the United States Supreme Court, have jurisdiction of such decisions. *Id*; *see also*, 28 U.S.C. §1257. The *Rooker-Feldman* doctrine bars review of issues actually decided by the state court, and also those claims which are "inextricably intertwined" with state court decisions. *Brown & Root* at 198. Accordingly, where "success of the federal claim depends upon a determination that the state court wrongly decided the issues before it," even the federal court may not hear the claim. *Id*. "[A] party losing in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights." *Johnson v. DeGrandy*, 512 U.S. 997, 1005-06, cited in *Brown & Root* at p. 198.

The Plaintiff in this case seeks to turn the principle of separation of powers on its head by asking a federal district court, with only original jurisdiction, to usurp the power Congress has vested in the United States Supreme Court by sitting in appeal of a state court decision interpreting state law. The Plaintiff is asking for the precisely same relief here that same-sex marriage opponents requested at the SJC, namely that Massachusetts citizens be denied the right to marry someone of the same sex. Therefore, under the *Rooker-Feldman* doctrine, this Court lacks subject matter jurisdiction, and Plaintiff's Complaint should be dismissed.

   3. **The Political Question Doctrine Precludes the Plaintiff's Challenge to the SJC's Final Judgment in <u>Goodridge</u>.**

The political question doctrine precludes judicial review of "political questions," which include challenges to enforce the Guarantee Clause of the Constitution, Article IV, Section IV.

6

Thus, even if Plaintiff had standing and even if this court had jurisdiction over the state constitutional issue – two conclusions that the Defendant, City of Boston Registrar disputes -- this court should still abstain from reviewing the merits of Plaintiff's complaint for a Temporary Restraining Order, as the claim is nonjusticiable.  The Supreme Court has routinely held that Guarantee Clause claims, like the Plaintiff's, are nonjusticiable under the political question doctrine.  See *Luther v. Borden*, 48 U.S. (7 How.) 1, 39-47 (1849) (Supreme Court affirmed the state court's refusal to hear a case concerning which of two competing groups representing the lawful government of Rhode Island during an armed insurrection); *Pacific States Tel. & Tel. Co. v. Oregon*, 223 U.S. 118, 141-151 (1912) (Court lacked jurisdiction over Guarantee Clause issues that were committed to Congress and therefore not within reach of judicial power).

Recently the Supreme Court reiterated the principle of nonjusticability and the criteria for determining when the federal courts should abstain from adjudicating a political question.  In *Richard Vieth, et al v. Robert C. Jubelirer*, 2004 U.S. Lexis 3233, (April 28, 2004), the Supreme Court abstained from deciding a case challenging the Pennsylvania's General Assembly's congressional redistricting plan on the grounds that it raised a political question and no judicially discernable and manageable standards for adjudicating such claims exist.  Here, the Plaintiff's complaint poses the question for the federal district court whether it can review the Commonwealth of Massachusetts highest Court's ruling on the meaning and promise of the state constitution.  Plaintiff contends that the SJC has violated his guarantee of a republican form of government when reviewing a challenge to a state law under the state's constitution.  Assuming for the purposes of argument that the state court's exercise of its judicial power could be so construed, still this court must abstain from reaching the merits of Plaintiff's instant complaint,

7

as the Supreme Court has long held that invocations of violations of the Guarantee Clause are nonjusticiable political questions.

Here, Plaintiff contends that the SJC's decision in *Goodridge* violated the Plaintiff's federal constitutional guarantee of a republican form of government. A careful reading of Plaintiff's complaint, however, reveals that Plaintiff's alleged injury stems from disagreement with the SJC's interpretation of the state constitution. Notwithstanding Plaintiff's reliance on Article IV, in essence, Plaintiff's complaint attempts to make an end-run around the constitutional principle of judicial review, and the basic tenant of state sovereignty. Asking this federal district court to review the Commonwealth's highest court's decision as to the state constitution under the guises of the Guarantee Clause cannot stand. Accordingly, this Court should abstain from reviewing the merits of Plaintiff's Complaint on the grounds that "the judicial department has no business entertaining the claim of unlawfulness" as the state's highest Court is the proper final arbiter of the state constitution.

B.   *Plaintiff Fails to Demonstrate that Preliminary Injunctive Relief is Appropriate in This Case.*

This Court should deny the requested preliminary injunctive relief because the Plaintiff fails to satisfy the prerequisites necessary for the Court to award such relief. Plaintiff cannot demonstrate a likelihood of success on the merits, nor has he alleged any specific irreparable harm resulting from the SJC's decision. Further, the balance of harm weighs heavily against the Plaintiff in this case, who seeks to deprive other citizens of their constitutionally guaranteed rights simply because he is morally opposed to same-sex marriage.

### 1. Criteria for issuing temporary restraining orders and preliminary injunctions

In order to prevail on a request for injunctive relief, a plaintiff must show (a) a substantial likelihood that it will ultimately prevail on the merits; (b) that plaintiff will suffer irreparable injury unless the injunction issues; (c) that the threatened injury to plaintiff outweighs whatever damage the proposed injunction may case the defendants; and (d) that the injunction issued would not be adverse to the public interest. *Planned Parenthood League v. Bellotti*, 641 F.2d 1006, 1009 (1st Cir. 1981), cited in *Camel Hair and Cashmere Insitute of America v. Associated Dry Goods Corp.*, 799 F.2d 6, 12 (1st Cir. 1986).

### 2. Plaintiff has failed to demonstrate any likelihood of success on the merits

Plaintiff has little likelihood of success on the merits in light of the Complaint's deficiencies, which are outlined in detail above: standing, subject matter jurisdiction and justiciability. The claim is not likely to survive a motion to dismiss, let alone a trial on the merits.

### 3. Plaintiff fails to demonstrate irreparable harm as a result of Defendant's actions

The alleged irreparable harm in this case is deprivation of his "constitutional guarantee to a republican form of government." *Plaintiff's Memorandum of Law*, p. 16. Contrary to Plaintiff's belief, however, the republican form of government is alive and well in Massachusetts. The executive branch and members of the legislative branch are actively attempting to amend the Massachusetts Constitution as a way around the *Goodridge* decision. In this case, Massachusetts government has functioned as intended, with the legislature and the executive making statutes and regulations relating to marriage, and the courts applying the

Commonwealth's basic law to those laws. Plaintiff's assertion that democracy as we know it is collapsing is wholly unsupported by the facts.

In addition, Plaintiff's reliance on cases such as *Elrod v. Burns*, 427 U.S. 347 (1976) is inappropriate and highlights the dearth of harm to the Plaintiff. *Elrod* concerned a group of Republicans and non-civil service employees who were fired or threatened with discharge because of their party affiliation. *Id* at 351. The Court in that case held that the employees, who were seeking a preliminary injunction against the practice of patronage dismissals, had demonstrated irreparable harm because, "such injury was both threatened and occurring at the time of [their] motion…." *Id.* at 373.

The facts of *Elrod* stand in stark contrast to those in the instant case. Plaintiff's alleged injury is that "clerks throughout the state will begin issuing marriage licenses to same sex couples" and "some of those clerks will openly disregard a state law that prevents issuance of a marriage license to nonresidents where the home state of those individuals would not permit the marriage." *Plaintiff's Memorandum of Law*, p. 18. Plaintiff's concerns are at best speculative, and he fails to articulate how these concerns relate to him. Rather than pointing to a specific, particular, irreparable harm, as the plaintiffs did in *Elrod*, Plaintiff laments in a general way about the deficiencies he perceives in the *Goodridge* decision. This is simply not the type of harm that can be remedied by way of an injunction.

## IV.    CONCLUSION

**Wherefore,** for all of the foregoing reasons, the Defendants, City of Boston and Judy A. McCarthy, respectfully request that the Plaintiff's request for preliminary injunctive relief be DENIED.

Respectfully submitted,
Defendants, **Judy A. McCarthy, in her official capacity as City registrar and the City of Boston,**
By their attorney,
Merita A. Hopkins
Corporation Counsel

**CERTIFICATE OF SERVICE**

**I hereby certify that on this day a true copy of the above document was served upon the attorney of record for each party by mail/by hand.**

/s/Gregory B. Franks
Charles K. Lyons, BBO#
Gregory B. Franks, BBO# 640987
Kate Cook, BBO#650698
Assistant Corporation Counsel
City of Boston, Law Department
Room 615, City Hall
Boston, MA 02201
(617) 635-4034

\_\_\_\_\_         **/s/Gregory B. Franks**
**Date            Gregory B. Franks**

11