IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

ROBERT P. LARGESS, REP. MARK J. )
CARRON, REP. EMILE J. GOGUEN, REP. )
ROBERT S. HARGRAVES, REP. PETER J. )
LARKIN, REP. JAMES R. MICELI, REP. )
PHILIP TRAVIS, SEN. STEVEN C. )
PANAGIOTAKOS, REP. CHRISTOPHER P. )
ASSELIN, REP. EDWARD G. CONNOLLY, )
REP. JOHN A. LEPPER, REP. ELIZABETH )
A. POIRIER, )
   )
   Plaintiffs, )
   )
vs.   )   Case No. 04-10921-JLT
   )
SUPREME JUDICIAL COURT FOR THE )
STATE OF MASSACHUSETTS; )
CHIEF JUSTICE MARGARET MARSHALL, )
JUSTICE ROBERT J. CORDY, JUSTICE )
JUDITH A. COWIN, JUSTICE JOHN M. )
GREANEY, JUSTICE RODERICK L. IRELAND, )
JUSTICE MARTHA B. SOSMAN, JUSTICE )
FRANCIS X. SPINA, in their official capacities )
as Justices of the Supreme Judicial Court of )
Massachusetts; MASSACHUSETTS )
DEPARTMENT OF PUBLIC HEALTH; )
CHRISTINE C. FERGUSON, in her official )
capacity as Commissioner of the Massachusetts )
Department of Public Health; JUDY A. )
McCARTHY, in her official capacity as City )
Registrar for the City of Boston; CITY AND )
TOWN CLERKS 1-350, )
   )
   Defendants. )
   )

**AMENDED COMPLAINT FOR TEMPORARY RESTRAINING ORDER,
PRELIMINARY AND PERMANENT INJUNCTIVE RELIEF AND
DECLARATORY RELIEF**

COMES NOW the Plaintiffs, ROBERT P. LARGESS, REP. MARK J. CARRON, REP.

EMILE J. GOGUEN, REP. ROBERT S. HARGRAVES. REP. PETER J. LARKIN, REP. JAMES

R, MICELI, REP. PHILIP TRAVIS, and SEN. STEVEN C. PANAGIOTAKOS, REP.

CHRISTOPHER P. ASSELIN, REP. EDWARD G. CONNOLLY, REP. JOHN A. LEPPER, REP.

ELIZABETH A. POIRIER, by and through their undersigned counsel, and respectfully request this

Court to issue a Temporary Restraining Order, Declaratory Judgment, and Preliminary and Permanent Injunctive Relief. In support thereof, Plaintiff shows unto the Court as follows:

1. This is a civil action whereby Plaintiffs seek Declaratory Judgment, Preliminary and Permanent Injunctive Relief, and a Temporary Restraining Order. Plaintiffs seek Preliminary and Permanent Injunctive Relief, enjoining Defendants, the Supreme Judicial Court, Justices Marshall, Greaney, Ireland, Spina, Cowin, Sosman and Cordy, Department of Public Health, Commissioner of Public Health, City of Boston City Registrar, City and Town Clerks Nos. 1 through 350, their agents, servants and employees and those acting in active concert and with actual notice thereof, from enforcing *Goodridge v. Department of Public Health*, 440 Mass. 309 (2003) so as to permit the issuance of marriage licenses to same-sex couples, or the recording of those licenses.

2. Plaintiffs pray for Declaratory Judgment to determine the constitutionality of the actions of the Supreme Judicial Court in exercising jurisdiction over the *Goodridge* case and in redefining marriage.

3. An actual controversy exists between the parties involving substantial constitutional issues, in that the actions of the Supreme Judicial Court in exercising jurisdiction over the *Goodridge* case and in redefining marriage constitute actions delegated to other branches of the government under the Massachusetts constitution, thereby violating the federal constitutional guarantee to the citizens of Massachusetts to a republican form of government.

## JURISDICTION AND VENUE

4. This action arises under Article IV, Section 4 of the United States Constitution, 42 U.S.C. §1983.

5. This Court has jurisdiction of this claim under, and by virtue of, 28 U.S.C. §§1331, 2201-02.

6. Venue is proper under 28 U.S.C. §1391 (b). Each and all of the acts alleged herein were done by the Supreme Judicial Court, in the District of Massachusetts.

7. This Court is authorized to grant Declaratory Judgment under the Declaratory

Judgment Act, 28 U.S.C. §§ 2201-02 implemented through Rule 57 of the Federal Rules of Civil Procedure, and to issue the Temporary Restraining Order, and the Injunctive Relief requested by Plaintiff under Rule 65 of the Federal Rules of Procedure.

8. This Court is authorized to grant Plaintiffs' prayer for relief regarding costs, including a reasonable attorney's fee, under 42 U.S.C. §1988.

**PARTIES**

9. Plaintiff, ROBERT P. LARGESS, is and was at all times relevant herein, an individual, voter, and resident of the State of Massachusetts, residing in Boston, and is Vice-President of the Catholic Action League, a public policy organization that, among other things, lobbies in favor of marriage between one man and one woman and has numerous constituents throughout the State of Massachusetts.

10. Plaintiff REP. MARK J. CARRON is a member of the Massachusetts House of Representatives, representing the Sixth Worcester District.

11. Plaintiff REP. EMILE J. GOGUEN is a member of the Massachusetts House of Representatives representing the Third Worcester District.

12. Plaintiff REP. ROBERT S. HARGRAVES is a member of the Massachusetts House of Representatives representing the First Middlesex District.

13. Plaintiff REP. PETER J. LARKIN is a member of the Massachusetts House of Representatives representing the Third Berkshire District.

14. Plaintiff REP. JAMES R. MICELI is a member of the Massachusetts House of Representatives representing the Nineteenth Middlesex District.

15. Plaintiff REP. PHILIP TRAVIS is a member of the Massachusetts House of Representatives representing the Fourth Bristol District.

16. Plaintiff SEN. STEVEN C. PANAGIOTAKOS is a member of the Massachusetts Senate representing the First Middlesex District.

17. Plaintiff REP. CHRISTOPHER P. ASSELIN is a member of the Massachusetts

House of Representatives representing the Ninth Hampden District.

18. Plaintiff REP. EDWARD G. CONNOLLY is a member of the Massachusetts House of Representatives representing the Twenty-eighth Middlesex District.

19. Plaintiff REP. JOHN A. LEPPER is a member of the Massachusetts House of Representatives representing the Second Bristol District.

20. Plaintiff REP. ELIZABETH A. POIRIER is a member of the Massachusetts House of Representatives representing the Fourteenth Bristol District.

21. Defendant, the SUPREME JUDICIAL COURT, is the highest court in the State of Massachusetts.

22. Defendants JUSTICES MARSHALL, GREANEY, IRELAND, SPINA, COWIN, SOSMAN AND CORDY are Justices of the Massachusetts Supreme Judicial Court.

23. Defendant, the DEPARTMENT OF PUBLIC HEALTH, is the public entity responsible for recording of all validly issued marriage licenses for the State of Massachusetts into the Registry of Vital Records and Statistics, and is capable of being sued..

24. Defendant, CHRISTINE C. FERGUSON, Commissioner of Public Health, is the person in charge of the Department of Public Health, who is responsible for overseeing the activities of the Department of Public Health in recording validly issued marriage licenses into the Registry of Vital Records and Statistics.

25. Defendant, JUDY A. MCCARTHY is the City of Boston City Registrar, the city office that issues marriage licenses in Boston, Massachusetts..

26. Defendants City and Town Clerk numbers 1-350 are those city and town clerks responsible for issuing marriage licenses throughout the State of Massachusetts..

## STATEMENT OF FACTS

27. The plaintiffs in *Goodridge v. Department of Health*, 440 Mass. 309 (2003) are seven same-sex couples who sought and were denied marriage licenses.

28. The *Goodridge* plaintiffs commenced suit in the Superior Court in April, 2001,

Amended Complaint - Page 4

against the Department of Public Health and Commissioner of Public Health

29. In that complaint, the *Goodridge* plaintiffs argued that "the exclusion of the plaintiff couples and other qualified same sex couples from access to marriage licenses, and the legal and social status of civil marriage, s well as the protections, benefits and obligations of marriage, violates Massachusetts laws."

30. On May 7, 2002, the Superior Court granted summary judgment in favor of defendants.

31. The matter was directly appealed to the Supreme Judicial Court.

32. On November 18, 2003, the Supreme Judicial Court issued its decision in the *Goodridge* case.

33. In its decision, the *Goodridge* court stated that the "everyday meaning of 'marriage' is 'the legal union of a man and woman as husband and wife' . . . and the plaintiffs do not argue that it has ever had a different meaning under Massachusetts law."

34. In analyzing Massachusetts statutory law, the *Goodridge* court found that the language of the licensing statute could not be construed so as to permit same-sex couples to marry.

35. The *Goodridge* Court "declare[d] that barring an individual from the protections, benefits and obligations of civil marriage solely because that person would marry a person of the same sex violates the Massachusetts constitution."

36. As part of its holding, the *Goodridge* court "construe[d] civil marriage to mean the voluntary union of two persons as spouses, to the exclusion of all others."

37. The *Goodridge* court characterized its decision as a "reformulation" of marriage.

38. The *Goodridge* court specifically did not invalidate the marriage laws.

39. The *Goodridge* court stated that its decision would become effective 180 days after the date of the court's order.

40. The *Goodridge* court stayed its decision "for 180 days to permit the Legislature to take such action as it may deem appropriate in light of this opinion."

41. On December 11, 2003, the Legislature sought to establish, through changes in the Massachusetts General Laws, a compromise in the form of Senate Bill 2175, entitled "An Act relative to civil unions."

42. On February 3, 2004, the Supreme Judicial Court rejected the Senate's proposed statutory changes. *See Opinions of the Justices to the Senate*, 440 Mass. 1201 (2004).

43. On January 4, 2004, in response to the Supreme Judicial Court's rejection of the proposed compromise, the Massachusetts Legislature met in constitutional session to change the Commonwealth's Constitution.

44. On March 29, 2004, a "Proposal for a Legislative Amendment to the Constitution relative to the affirmation of marriage" was adopted.

45. The Article of Amendment states, in relevant part, "It being the public policy of this commonwealth to protect the unique relationship of marriage, only the union of one man and one woman shall be valid or recognized as a marriage in the commonwealth of Massachusetts."

46. The citizens of Massachusetts, including Plaintiffs, will have an opportunity to vote for a constitutional amendment regarding the definition of marriage in the 2006 election.

47. May 17, 2004 will be 180 days from the date of the *Goodridge* decision.

48. Defendants McCarthy and Town and City Clerks 1-350 will be required to issue marriage licenses to same-sex couples on and after May 17, 2004.

49. Upon information and belief, Town and City Clerks have publicly stated that they intend to abide by the Supreme Judicial Court's decision in *Goodridge* and issue marriage licenses to same-sex couples.

50. Defendant Ferguson is responsible for recording validly-issued marriage licenses.

51. Defendant Ferguson will be required to record marriage licenses issued to same-sex couples on and after May 17, 2004.

52. Part I, Art. IV of the Massachusetts Constitution provides that "The people of this commonwealth have the sole and exclusive right of governing themselves as a free, sovereign, and

independent state . . . ."

53. Part I, Art. V of the Massachusetts Constitution provides that "All powers residing originally in the people, and being derived from them, the several magistrates and officers of government, vested with authority, whether legislative, executive, or judicial, are their substitutes and agents, and are at all times accountable to them."

54. Part I, Art. VII of the Massachusetts Constitution provides in part that "the people alone have an incontestable, unalienable, and indefeasible right to institute government."

55. Part I, Art. XVIII of the Massachusetts Constitution provides that "The people . . . have a right to require of their lawgivers and magistrates, an exact and constant observance of them, in the formation and execution of the laws necessary for the good administration of the Commonwealth."

56. Part I, Art. XXX of the Massachusetts Constitution provides in part that "the judicial shall never exercise the legislative and executive powers, or either of them; to the end it may be a government of laws and not of men."

57. Part II, Chp. 1, sec. 1, Art. IV of the Massachusetts Constitution provides "And further, full power and authority are hereby given and granted to the said general court, from time to time, to make, ordain, and establish, all manner of wholesome and reasonable orders, laws . . . as they shall judge to be for the good and welfare of this Commonwealth."

58. Part II, Chp. II, sec. 1, Art. V of the Massachusetts Constitution provides that "All causes of marriage, divorce, and alimony, and all appeals from the judges of probate shall be heard and determined by the governor and council, until the legislature shall, by law, make other provision."

59. Massachusetts Courts are only enabled to hear cases related to marriage that involve, affirmation, annulment, divorce and alimony.

60. Massachusetts Courts are not empowered by either the Massachusetts Constitution or the Massachusetts Statutes to hear cases involving the definition of marriage.

61. Article IV, § 4 of the United States Constitution provides that "The United States shall guarantee to every State in the Union a Republican Form of Government."

62. The Massachusetts Supreme Judicial Court upset the Republican form of government of the State of Massachusetts by usurping the power of the Legislative branch to make decisions regarding marriage and the definition of marriage.

63. The Massachusetts Supreme Judicial Court is not the proper branch of State government to decide the definition of marriage.

64. Plaintiff Robert Largess, a voter, is harmed by the decision of the Massachusetts Supreme Judicial Court because he has a right to have his State government abide by the State Constitution's mandated separation of powers.

65. Plaintiff Largess has a right to vote that has been diluted by the Massachusetts Supreme Judicial Court's usurpation of power from the Legislature.

66. Plaintiff Largess, as a citizen, and pursuant to the Massachusetts Constitution, has a right to expect that the Legislature will make all decisions regarding the definition of marriage.

67. The Massachusetts Supreme Judicial Court's redefinition of marriage violated Plaintiff Largess' right to vote in that the proper branch of government did not decide the definition of marriage for the State of Massachusetts.

68. Plaintiff Legislators have a right, pursuant to the Massachusetts Constitution, to define marriage for the State.

69. The Massachusetts Supreme Judicial Court usurped that right to define marriage when it issued its decision in *Goodridge*.

70. If the decision of the Massachusetts Supreme Judicial Court in *Goodridge* is allowed to go into effect, chaos will ensue both in the State of Massachusetts and out of the State of Massachusetts.

71. Even the Massachusetts Supreme Judicial Court recognized that its decision would result in requiring hundreds of laws related to marriage in the State of Massachusetts to be changed.

72. The Court in *Goodridge* also recognized that marriage in Massachusetts had always been the union of only one man and one woman until the Court changed that definition.

73. Several cities and towns in Massachusetts, as of today, have publicly stated that they will violate Massachusetts' 1913 law confining marriage to in-state residents and have stated that they will marry out of state same-sex couples who come to Massachusetts to be married. *See, e.g.* NEW YORK TIMES, *Mass. Town to Let Out-of-State Gays Wed*, available at http://www.nytimes.com/aponline/national/AP-Gay-Marriage.html (visited May 11, 2004)

74. If the *Goodridge* decision is allowed to go into effect, it would cause inordinate disruption to the institution in Massachusetts, and throughout the entire United States.

75. Enjoining this action will not cause any harm to the Defendants, because Massachusetts has always operated under universal understanding of marriage as one man and one woman since the founding of the State.

76. Plaintiffs however, will be harmed by allowing the *Goodridge* decision to go into effect because it will disrupt that universally-recognized institution of marriage in a way that has never taken place before.

77. The harm to the Plaintiffs is further compounded if the decision is allowed to go into effect before the Massachusetts voters can vote on the proposed State Constitutional amendment defining marriage as between one man and one woman.

## First Cause of Action

### (The Supreme Judicial Court violated the Republican Guarantee Clause when it Redefined Marriage)

78. Plaintiffs hereby incorporate and adopt each and every allegation in the preceding paragraphs numbered 1 through 73.

79. The Massachusetts constitution grants to the Legislature the power to pass legislation that defines marriage.

80. The Supreme Judicial Court redefined marriage.

81. The Supreme Judicial Court exceeded the powers granted to it in the Massachusetts Constitution.

82. The Supreme Judicial Court's violation of the separation of powers constitutes a violation of plaintiff's federal constitutional guarantee of a republican form of government.

WHEREFORE, Plaintiffs respectfully pray that the Court grant the declaratory and injunctive relief set forth herein.

## Second Cause of Action

### (The Supreme Judicial Court violated the Republican Guarantee Clause when it Exercised Jurisdiction over the Goodridge Case)

83. Plaintiffs hereby incorporate and adopt each and every allegation in the preceding paragraphs numbered 1 through 73.

84. The Massachusetts constitution grants to the Governor and Council the authority over "causes" of marriage except to the extent the Legislature has granted authority to another branch.

85. The *Goodridge* case concerned a "cause" of marriage.

86. The Legislature had not granted authority to the court to hear "causes" of marriage.

87. The Supreme Judicial Court exceeded the powers granted to it in the Massachusetts Constitution.

88. The Supreme Judicial Court's violation of the separation of powers constitutes a violation of plaintiff's federal constitutional guarantee of a republican form of government.

WHEREFORE, Plaintiffs respectfully pray that the Court grant the declaratory and injunctive relief set forth herein.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs prays for judgment as follows:

A. That this Court immediately issue a Temporary Restraining Order against Defendants, Supreme Judicial Court for the State of Massachusetts; Chief Justice Margaret Marshall, Justice Robert J. Cordy, Justice Judith A. Cowin, Justice John M. Greaney, Justice Roderick L. Ireland,

Justice Martha B. Sosman, Justice Francis X. Spina, in Their Official Capacities As Justices of the Supreme Judicial Court of Massachusetts; Massachusetts Department of Public Health; Christine C. Ferguson, in Her Official Capacity as Commissioner of the Massachusetts Department of Public Health; Judy A. McCarthy, in Her Official Capacity as City Registrar for the City of Boston; City and Town Clerks 1-350, and all other persons acting in concert with them, restraining the enforcement of the Supreme Judicial Court's decision in *Goodridge* and from issuing marriage licenses to same-sex couples, from recording marriage licenses issued to same-sex couples or in any other way from violating Plaintiffs' rights under Article 4, §4 of the United States Constitution;

   B.   That this Court immediately issue a preliminary injunction against Defendants, Supreme Judicial Court for the State of Massachusetts; Chief Justice Margaret Marshall, Justice Robert J. Cordy, Justice Judith A. Cowin, Justice John M. Greaney, Justice Roderick L. Ireland, Justice Martha B. Sosman, Justice Francis X. Spina, in Their Official Capacities As Justices of the Supreme Judicial Court of Massachusetts; Massachusetts Department of Public Health; Christine C. Ferguson, in Her Official Capacity as Commissioner of the Massachusetts Department of Public Health; Judy A. McCarthy, in Her Official Capacity as City Registrar for the City of Boston; City and Town Clerks 1-350, and all other persons acting in concert with them, enjoining the enforcement of the Supreme Judicial Court's decision in *Goodridge* and from issuing marriage licenses to same-sex couples, from recording marriage licenses issued to same-sex couples or in any other way from violating Plaintiffs' rights under Article 4, §4 of the United States Constitution;

   C.   That this Court issue a Permanent Injunction against Defendants, Supreme Judicial Court for the State of Massachusetts; Chief Justice Margaret Marshall, Justice Robert J. Cordy, Justice Judith A. Cowin, Justice John M. Greaney, Justice Roderick L. Ireland, Justice Martha B. Sosman, Justice Francis X. Spina, in Their Official Capacities As Justices of the Supreme Judicial Court of Massachusetts; Massachusetts Department of Public Health; Christine C. Ferguson, in Her Official Capacity as Commissioner of the Massachusetts Department of Public Health; Judy A. McCarthy, in Her Official Capacity as City Registrar for the City of Boston; City and Town Clerks

1-350, and all other persons acting in concert with them, permanently enjoining them enforcing the *Goodridge* decision as a basis from issuing marriage licenses to same-sex couples, from recording marriage licenses issued to same-sex couples or in any other way from violating Plaintiffs' rights under Article 4, §4 of the United States Constitution

  D. That this Court render a Declaratory Judgment:

    (1) Declaring the Supreme Judicial Court exceeded its authority in redefining marriage to constitute the voluntary union of two persons as spouses, to the exclusion of others;

    (2) Declaring that the Supreme Judicial Court exceeded its authority in exercising jurisdiction over the *Goodridge* case.

  E. That this Court adjudge, decree, and declare the rights and other legal relations with the subject matter here in controversy, in order that such declaration shall have the force and effect of final judgment;

  F. That this Court retain jurisdiction of this matter for the purpose of enforcing this Court's order;

  G. That this Court award Plaintiffs the reasonable costs and expenses of this action, including attorney's fees, in accordance with 42 U.S.C. §1988.

  H. That this Court grant such other and further relief as this Court deems equitable and just under the circumstances.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by hand delivery this 11th day of May, 2004, to the following:

Mr. Charles Lyons
Assistant Corporate Counsel
City of Boston Law Department
One City Hall Plaza
Room 615
Boston MA 02201
(617) 635-2012 - Fax
Attorney for Judy McCarthy

Ms. Judy McCarthy
City Registrar
City of Boston
1 City Hall Plaza, Rm 213
Boston MA 02201
(617) 635-3775 - Fax
To be served for City and Town Clerks 1-350

Mr. Peter Sacks
Office of the Attorney General
1 Ashburton Place
Room 2019
Boston MA 02108
(617) 727-5785 - Fax
Attorney for Supreme Judicial Court for the State of Massachusetts, Chief Justice Margaret H. Marshall, Justice Robert J. Cordy, Justice Judith A. Cowin, Justice John M. Greaney, Justice Roderick L. Ireland, Justice Martha B. Sosman, Justice Francis X. Spina, Massachusetts Department of Public Health, and Christine Ferguson

(Counsel signatures next page)

_[signature]_  
Chester Darling  
BBO# 114320  
CITIZENS FOR THE PRESERVATION  
OF CONSTITUTIONAL RIGHTS, INC.  
306 Dartmouth Street  
Boston, MA 02116  
Telephone: (617) 536-1776  
Telefacsimile: (978) 470-2219  
Local Counsel for Plaintiffs  

Robert J. Muise*  
MI State Bar No. P62849  
NH State Bar No. 12953  
THOMAS MORE LAW CENTER  
3475 Plymouth Road, Suite 100  
Ann Arbor, MI 48105-2550  
Telephone: (734) 827-2001  
Telefacsimile: (734) 998-4778  
Attorney for Plaintiffs  
*Subject to admission *pro hac vice*  

Stephen M. Crampton*  
MS State Bar No. 9952  
Brian Fahling*  
 WA State Bar No. 18894  
AFA CENTER FOR LAW AND POLICY  
100 Parkgate Drive  
P.O. Drawer 2440  
Tupelo, MS 38803  
Telephone: (662) 680-3886  
Telefacsimile: (662) 844-4234  
Attorneys for Plaintiffs  
*Subject to admission *pro hac vice*  

_[signature]_  
Mathew D. Staver*  
Florida Bar No. 0701092  
(Lead Trial Counsel)  
Erik W. Stanley*  
Florida Bar No. 0183504  
Anita L. Staver*  
Florida Bar No. 0611131  
Joel L. Oster*  
Florida Bar No. 0659746  
Rena M. Lindevaldsen*  
Florida Bar No. 0659045  
LIBERTY COUNSEL  
210 East Palmetto Avenue  
Longwood, FL 32750  
Telephone: (407) 875-2100  
Telefacsimile: (407) 875-0770  
Attorneys for Plaintiffs  
*Subject to admission *pro hac vice*