IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ROBERT P. LARGESS, REP. MARK J. CARRON, REP. EMILE J. GOGUEN, REP. ROBERT S. HARGRAVES, REP. PETER J. LARKIN, REP. JAMES R. MICELI, REP. PHILIP TRAVIS, SEN. STEVEN C. PANAGIOTAKOS, REP. CHRISTOPHER P. ASSELIN, REP. EDWARD G. CONNOLLY, REP. JOHN A. LEPPER, REP. ELIZABETH A. POIRIER,<br><br>Plaintiffs,<br><br>vs.<br><br>SUPREME JUDICIAL COURT FOR THE STATE OF MASSACHUSETTS; CHIEF JUSTICE MARGARET MARSHALL, JUSTICE ROBERT J. CORDY, JUSTICE JUDITH A. COWIN, JUSTICE JOHN M. GREANEY, JUSTICE RODERICK L. IRELAND, JUSTICE MARTHA B. SOSMAN, JUSTICE FRANCIS X. SPINA, in their official capacities as Justices of the Supreme Judicial Court of Massachusetts; MASSACHUSETTS DEPARTMENT OF PUBLIC HEALTH; CHRISTINE C. FERGUSON, in her official capacity as Commissioner of the Massachusetts Department of Public Health; JUDY A. McCARTHY, in her official capacity as City Registrar for the City of Boston; CITY AND TOWN CLERKS 1-350,<br><br>Defendants. | Case No. 04-10921-JLT |

**PLAINTIFF ROBERT LARGESS' AFFIDAVIT IN SUPPORT OF AMENDED MOTION FOR DECLARATORY JUDGMENT, TEMPORARY RESTRAINING ORDER AND PRELIMINARY AND PERMANENT INJUNCTIVE RELIEF**

I, ROBERT P. LARGESS, am competent and above the age of 18 and make the following

statements based upon my own personal knowledge.

1. I am a resident of Boston, Massachusetts.

2. I am the Plaintiff in the above-referenced cause of action.

3. The majority of the facts necessary for the resolution of this Motion for a TRO and Preliminary Injunctive Relief can be found in *Goodridge v. Department of Public Health*, 440 Mass. 309 (2003), and in the Massachusetts Constitution.

4. In *Goodridge*, the plaintiffs commenced suit in the Superior Court in April 2001 against the Department of Public Health and Commissioner of Public Health.

5. In that complaint, the *Goodridge* plaintiffs argued that "the exclusion of the plaintiff couples and other qualified same sex couples from access to marriage licenses, and the legal and social status of civil marriage, as well as the protections, benefits and obligations of marriage, violates Massachusetts laws."

6. On May 7, 2002, the Superior Court granted summary judgment in favor of defendants.

7. The matter was directly appealed to the Supreme Judicial Court.

8. On November 18, 2003, the Supreme Judicial Court issued its decision in the *Goodridge* case.

9. In its decision, the *Goodridge* court stated that the "everyday meaning of 'marriage' is 'the legal union of a man and woman as husband and wife' . . . and the plaintiffs do not argue that it has ever had a different meaning under Massachusetts law."

10. In analyzing Massachusetts statutory law, the *Goodridge* court found that the language of the licensing statute could not be construed so as to permit same-sex couples to marry.

11. The *Goodridge* court "declare[d] that barring an individual from the protections, benefits and obligations of civil marriage solely because that person would marry a person of the same sex violates the Massachusetts constitution."

12. As part of its holding, the *Goodridge* court "construe[d] civil marriage to mean the voluntary union of two persons as spouses, to the exclusion of all others."

13. The *Goodridge* court characterized its decision as a "reformulation" of marriage.

14. The *Goodridge* court specifically did not invalidate the marriage laws.

15. The *Goodridge* court stated that its decision would become effective 180 days after the date of the court's order.

16. May 17, 2004 will be 180 days from the date of the *Goodridge* decision.

17. Part I, Art. IV of the Massachusetts Constitution provides that "The people of this commonwealth have the sole and exclusive right of governing themselves as a free, sovereign, and independent state . . . ."

18. Part I, Art. V of the Massachusetts Constitution provides that "All powers residing originally in the people, and being derived from them, the several magistrates and officers of government, vested with authority, whether legislative, executive, or judicial, are their substitutes and agents, and are at all times accountable to them."

19. Part I, Art. VII of the Massachusetts Constitution provides in part that "the people alone have an incontestable, unalienable, and indefeasible right to institute government."

20. Part I, Art. XVIII of the Massachusetts Constitution provides that "The people . . . have a right to require of their lawgivers and magistrates, an exact and constant observance of them, in the formation and execution of the laws necessary for the good administration of the

Commonwealth."

21. Part I, Art. XXX of the Massachusetts Constitution provides in part that "the judicial shall never exercise the legislative and executive powers, or either of them; to the end it may be a government of laws and not of men."

22. Part II, Chp. 1, sec. 1, Art. IV of the Massachusetts Constitution provides "And further, full power and authority are hereby given and granted to the said general court, from time to time, to make, ordain, and establish, all manner of wholesome and reasonable orders, laws . . . as they shall judge to be for the good and welfare of this Commonwealth."

23. Part II, Chp. II, sec. 1, Art. V of the Massachusetts Constitution provides that "All causes of marriage, divorce, and alimony, and all appeals from the judges of probate shall be heard and determined by the governor and council, until the legislature shall, by law, make other provision."

24. Article IV, § 4 of the United States Constitution provides that "The United States shall guarantee to every State in the Union a Republican Form of Government."

25. I am harmed by the decision of the Massachusetts Supreme Judicial Court because I have a right to have my State government abide by the State Constitution's mandated separation of powers.

26. I have a right to vote that has been diluted by the Massachusetts Supreme Judicial Court's usurpation of power from the Legislature.

27. As a citizen, and pursuant to the Massachusetts Constitution, I have a right to expect that the Legislature will make all decisions regarding the definition of marriage.

28. The Massachusetts Supreme Judicial Court's redefinition of marriage violated my

right to vote in that the proper branch of government did not decide the definition of marriage for the State of Massachusetts.

29. Unless relief is granted, my constitutional right to a republic form of government will be irreparably harmed. Marriage certificates will be issued that will be directly contrary to Massachusetts state law, as it existed for hundreds of years prior to the unconstitutional actions of Defendants.

I understand that a false statement in this affidavit will subject me to penalties of perjury.

_____
ROBERT P. LARGESS

STATE OF MASSACHUSETTS

COUNTY OF SUFFOLK

The foregoing instrument was acknowledged before me this 11th day of May, 2004, by Robert R. Largess, who is personally known to me or who has produced identification and who took an oath/affirm

_____
Notary Public

My Commission expires:

PATRICK C. DEAN
NOTARY PUBLIC
COMMONWEALTH OF MASSACHUSETTS
My Commission Expires April 23, 2010