IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ROBERT P. LARGESS, )<br>)<br>Plaintiff )<br>)<br>vs. )<br>)<br>SUPREME JUDICIAL COURT FOR THE )<br>STATE OF MASSACHUSETTS; )<br>CHIEF JUSTICE MARGARET MARSHALL, )<br>JUSTICE ROBERT CORDY, JUSTICE )<br>JUDITH A. COWIN, JUSTICE JOHN M. )<br>GREANEY, JUSTICE RODERICK L. IRELAND, )<br>JUSTICE MARTHA B. SOSMAN, JUSTICE )<br>FRANCIS X. SPINA, in their official capacities )<br>as Justices of the Supreme Judicial Court of )<br>Massachusetts; MASSACHUSETTS )<br>DEPARTMENT OF PUBLIC HEALTH; )<br>CHRISTINE C. FERGUSON, in her official )<br>capacity as Commissioner of the Massachusetts )<br>Department of Public Health; JUDY A. )<br>McCARTHY, in her official capacity as City )<br>Registrar for the City of Boston; CITY AND )<br>TOWN CLERKS 1-350, )<br>)<br>Defendants. )<br>) | Case No. |

**MOTION OF HILLARY GOODRIDGE AND JULIE GOODRIDGE, DAVID WILSON AND ROBERT COMPTON, MICHAEL HORGAN AND EDWARD BALMELLI, MAUREEN BRODOFF AND ELLEN WADE, GARY CHALMERS AND RICHARD LINNELL, HEIDI NORTON AND GINA SMITH, AND GLORIA BAILEY AND LINDA DAVIES FOR LEAVE TO INTERVENE AS DEFENDANTS AND INCORPORATED MEMORANDUM OF LAW IN SUPPORT THEREOF**

Pursuant to Fed. R. Civ. P. 24(a)(2), Hillary Goodridge and Julie Goodridge, David Wilson and Robert Compton, Michael Horgan and Edward Balmelli, Maureen Brodoff and Ellen Wade, Gary Chalmers and Richard Linnell, Heidi Norton and Gina Smith, and Gloria Bailey and Linda Davies, all Plaintiffs in Goodridge v. Dep't of Public Health, 440 Mass. 309 (2003)

1

(hereinafter "Goodridge Plaintiffs"), hereby move for Leave to Intervene as Defendants in the above captioned case. They set forth the following in support of their motion.

I.      **The Goodridge Plaintiffs Should Be Granted Leave to Intervene as of Right**

The Federal Rules of Civil Procedure set forth that a party will be allowed to intervene in an action as of right if their application is timely and

> when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

Fed. R. Civ. P. 24(a)(2). Thus, in order to intervene as of right, an applicant must meet four criteria: 1) The motion must be timely; 2) the prospective intervenor must have an interest relating to the property or transaction that comprises the subject of the action; 3) the disposition of the action must run the risk of impairing the applicant's ability to protect that interest; and 4) that interest may not be adequately represented by any existing party. See Travelers Indem. Co. v. Dingwell, 884 F.2d 629, 637 (1st Cir. 1989); Nextel Communications of the Mid-Atlantic, Inc. v. Town of Hanson, No. CIV.A. 00-11417-DPW, CIV.A. 03-12563-DPW, --- F. Supp. 2d ---, 2004 WL 626556, at *5 (D. Mass. Mar. 26, 2004).

The Goodridge Plaintiffs plainly meet all four criteria. There can be no question as to the timeliness of this motion given that this action was filed yesterday, but the Goodridge Plaintiffs meet the other criteria with the same ease.

2

A. **Proposed Intervenors Have An Obvious Interest In Protecting Their Constitutional Rights, And Their Ability To Protect Those Interests Will Be Undeniably Impaired If They Are Not Permitted To Intervene.**

In Goodridge, the Supreme Judicial Court held that denying marriage rights to same-sex couples violates the equality and due process guarantees of the Massachusetts Constitution, Goodridge, 440 Mass. at 341. Marriage licenses are due to issue to the Goodridge Plaintiffs and other qualified same-sex couples starting on May 17, 2004, the date after which a court imposed stay expires. Id. at 343; Opinions of the Justices to the Senate, 440 Mass. 1201, 1204 (2004).[1]

The instant action attacks both the power of the Supreme Judicial Court to hear the Goodridge Plaintiffs' claims in state court and to render the remedy issued.[2] First and foremost, it is a collateral attack on the Goodridge decision itself. It also purports to be a claim that the ways in which the various branches of Massachusetts government have addressed the Goodridge case violates the federal guarantee of a republican form of government.

No matter how captioned, the Plaintiffs in this case seek to nullify the Supreme Judicial Court ruling in Goodridge to the enormous detriment of the Goodridge Plaintiffs. There can be

---

[1] More specifically, in Goodridge, the Supreme Judicial Court (SJC) ruled that "[l]imiting the protections, benefits, and obligations of civil marriage to opposite-sex couples violates the basic premises of individual liberty and equality under law protected by the Massachusetts Constitution." 440 Mass. at 342. In so holding, the SJC "construe[d] civil marriage to mean the voluntary union of two persons as spouses, to the exclusion of all others[,]" and declared "that barring an individual from the protections, benefits, and obligations of civil marriage solely because that person would marry a person of the same sex violates the Massachusetts Constitution." 440 Mass. at 343-44. The SJC stayed the entry of judgment for 180 days "to permit the Legislature to take such action as it may deem appropriate in light of this opinion," 440 Mass. at 344, the purpose of which was "to afford the Legislature an opportunity to conform the existing statutes to the provisions of the Goodridge decision." Opinion of the Justices to the Senate, 440 Mass. 1201, 1204 (2004). As a result of this ruling, marriage licenses are due to being issuing to same-sex couples in Massachusetts on May 17, 2004.

[2] The SJC itself rejected such a notion in denying the Motion to Intervene and Vacate Judgment filed by members of the Massachusetts Legislature. See Goodridge v. Dep't of Public Health, No. SJC-08860 (Mass. May 7, 2004) (order denying leave to intervene).

3

no question that the Goodridge Plaintiffs have an interest in the litigation that bears a "sufficiently close relationship to the dispute between the original litigants," and that is "direct, not contingent." Conservation Law Foundation of New England, Inc. v. Mosbacher, 966 F.2d 39, 42 (1st Cir. 1992) (internal quotations omitted). The Goodridge Plaintiffs have a keen interest in resisting any attempt to reimpose governmental discrimination against them regarding marriage rights. Cf. Cotter v. Mass. Ass'n of Minority Law Enforcement Officers, 219 F.3d 31 (1st Cir. 2000) (in constitutional challenge to Boston Police Department's use of racial criteria in promotion, minority police officers promoted through the program had sufficient interest in defending their promotions to warrant intervention).

The disposition of this action undoubtedly affects the Goodridge Plaintiffs' ability to protect those interests. This action seeks to enjoin, both temporarily and permanently, their "access to an institution of fundamental legal, personal, and social significance -- the institution of marriage." Goodridge, 440 Mass. at 328.[3] If granted, the requested relief would effectively re-institute Plaintiffs' exclusion from marriage, and deny tangible and intangible protections, benefits and obligations "touching nearly every aspect of life and death." Id. at 323. To paraphrase the 1st Circuit, "even a small threat that the intervention applicants' present

---

[3] As the SJC stated, "The liberty interest in choosing whether and whom to marry would be hollow if the Commonwealth could, without sufficient justification, foreclose an individual from freely choosing the person with whom to share an exclusive commitment in the unique institution of civil marriage." Goodridge, 440 Mass. at 329. See also id. at 312 ("Marriage is a vital social institution. The exclusive commitment of two individuals to each other nurtures love and mutual support; it brings stability to our society. For those who choose to marry, and for their children, marriage provides an abundance of legal, financial and social benefits. In return it imposes weighty legal, financial and social obligations."); id. at 313 ("Barred access to the protections, benefits and obligations of civil marriage, a person who enters into an intimate, exclusive union with another of the same sex is arbitrarily deprived of membership in one of our community's most rewarding and cherished institutions. That exclusion is incompatible with the constitutional principles of respect for individual autonomy and equality under law").

4

[constitutional rights] could be jeopardized would be ample reason for finding that their ability to protect their interest 'may' be adversely affected." Cotter, 219 F.3d at 35.

### B. Proposed Intervenors' Interests Will Not Be Adequately Represented By The Original Parties To This Action.

The interests of the governmental defendants are sufficiently different from those of the Proposed Intervenors to warrant intervention. See Conservation Law Foundation, 966 F.2d at 44 (applicants for intervention not required to demonstrate that representation of their interests will be inadequate, only that it may be inadequate.). The Attorney General's Office vigorously represented the Commissioner and Department of Public Health in Goodridge and cannot be expected to represent the particular and personal harms to the Goodridge Plaintiffs. As the SJC recognized, the state's exclusion of same-sex couples from marriage "works a deep and scarring hardship on a very real segment of the community for no rational reason." Goodridge, 440 Mass. at 341. Specifically with regard to weighing the Plaintiff's request for a temporary restraining order and preliminary injunction against any resulting harms granting such request would impose, the Proposed Intervenors are in a position unique from the existing parties in terms of the injury they would experience. Courts have repeatedly recognized that the scope of the interests of governmental entities and the private entities affected by governmental actions may be sufficiently different as to warrant intervention of the private entity. See id.; Cotter, 219 F.3d at 35-36 (despite presumption that "the government as an institution is likely to do an adequate job of defending its own conduct," interests of Boston Police Department and officers promoted using racial criteria diverged enough to warrant intervention).

Finally, although the Plaintiff seeks to minimize the public harm associated with their claim, this action attempts to eviscerate the Goodridge Plaintiffs' rights to liberty and equality

under the Massachusetts Constitution. These interests diverge sufficiently from those of the governmental parties to warrant intervention.

## CONCLUSION

For the foregoing reasons, Hillary Goodridge and Julie Goodridge, David Wilson and Robert Compton, Michael Horgan and Edward Balmelli, Maureen Brodoff and Ellen Wade, Gary Chalmers and Richard Linnell, Heidi Norton and Gina Smith, and Gloria Bailey and Linda Davies, respectfully request that their Motion for Leave to Intervene As Defendants be granted.

Respectfully submitted,

Hillary Goodridge and Julie Goodridge,
David Wilson and Robert Compton,
Michael Horgan and Edward Balmelli,
Maureen Brodoff and Ellen Wade,
Gary Chalmers and Richard Linnell,
Heidi Norton and Gina Smith, and
Gloria Bailey and Linda Davies

By their Counsel,

/s/ Mary L. Bonauto

Mary L. Bonauto, BBO #549967
Bennett H. Klein, BBO #550702
Michele M. Granda, BBO #564413
Gay & Lesbian Advocates & Defenders
30 Winter Street, Suite 800
Boston, MA 02108
617-426-1350

## Certificate of Service

I, Bennett H. Klein, Esquire, hereby certify on this 11th day of May, 2004, a true and correct copy of the forgoing has been furnished by facsimile to Peter Sacks, Esq., Chester Darling, Esq., Robert Muise, Esq., Mathew D. Staver, Esq., and Stephen Crampton, Esq.

_____
Bennett H. Klein, Esq.