UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

ROBERT P. LARGESS,

Plaintiff,

v.

SUPREME JUDICIAL COURT FOR THE STATE
OF MASSACHUSETTS, et al.,

Defendants.

CIVIL ACTION
NO. 04-10921-JLT

SUPREME JUDICIAL COURT AND JUSTICES' OPPOSITION
TO PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER
AND IN SUPPORT OF COURT AND JUSTICES' MOTION TO DISMISS

The Supreme Judicial Court for the Commonwealth of Massachusetts, and the Justices

thereof,[1] oppose plaintiff's motion for a temporary restraining order, and move that this Court

dismiss the Amended Complaint, because, for three separate reasons, this Court lacks subject

matter jurisdiction.  First, under the Rooker-Feldman doctrine, this Court lacks subject matter

jurisdiction to review decisions of the Supreme Judicial Court.  Second, the Eleventh

Amendment bars plaintiff's attempt to enforce state law against state officials in federal court.

Third, plaintiff lacks standing, which is an essential ingredient of this Court's subject matter

jurisdiction.  The burden of showing jurisdiction lies with the party invoking jurisdiction,

Murphy v. United States, 45 F.3d 520, 522 (1st Cir.), cert. denied, 515 U.S. 1144 (1995), and

plaintiff cannot do so here.

Plaintiff alleges that the Supreme Judicial Court's decision in Goodridge v. Department

---

[1]  The other state defendants, the Department of Public Health and its Commissioner, take
no position on plaintiff's motion.

of Public Health, 440 Mass. 309 (2003), violated the separation of powers provision of the

Massachusetts Constitution, by (1) redefining marriage (Complaint ¶¶ 45-48) and (2) exercising

jurisdiction over the Goodridge case in the first place.  Complaint ¶¶ 50-54.[2]  Although plaintiff

goes on to assert that these alleged violations of the state Constitution were also a violation of

the Guarantee Clause of the federal Constitution,[3] it is clear that at bottom plaintiff complains of

errors of state law.   Plaintiff's complaint does not allege that he has suffered or will suffer any

particularized harm as a result of the Goodridge decision.   Nevertheless, he seeks to enjoin its

implementation and enforcement.

I.      PLAINTIFF'S CLAIMS ARE BARRED BY THE ROOKER-
        FELDMAN DOCTRINE

Under the Rooker-Feldman doctrine, the lower federal courts possess no power whatever

to sit in direct review of state court decisions.  Rooker v. Fidelity Trust Co., 263 U.S. 413,

415-16 (1923); see District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 486 (1983).

Rather, to the extent that such decisions are reviewable at all by the federal judiciary, they may be

reviewed only by the United States Supreme Court pursuant to the certiorari statute, 28 U.S.C. §

1257.  This Court may not entertain "challenges to state-court decisions in particular cases

_____

[2]  The Supreme Judicial Court issued a per curiam order on May 7, 2004, concluding, inter alia, that "[i]t was within the court's jurisdiction to resolve an adversary case requiring interpretation of the Constitution and a determination of the validity of our laws."  Goodridge v. Department of Public Health, No. SJC-08860 (May 7, 2004) (copy attached hereto). The court expressly rejected the claim, advanced by plaintiff here (Complaint ¶¶ 50-54), that it lacked jurisdiction by reason of Mass. Const. pt. 2, c. 3, art. 5,  a state constitutional provision giving the Governor and Council the power to determine "causes of marriage" until the Legislature provided otherwise.  Plaintiff now asks this Court to rule differently on this question of state constitutional law, of which the Supreme Judicial Court is the final arbiter.

[3]  U.S. Const. art. 4,§ 4 ("The United States shall guarantee to every State in this Union a Republican Form of Government[.]").

arising out of judicial proceedings even if those challenges allege that the state court's action

was unconstitutional." Feldman, 460 U.S. at 486.

The First Circuit has applied the Rooker-Feldman doctrine on numerous occasions. See,

e.g., Rosenfeld v. Egy, 346 F.3d 11, 18-19 (1st Cir. 2003); Mills v. Harmon Law Offices, P.C.,

344 F.3d 42, 44-45 (1st Cir. 2003); Mandel v. Town of Orleans, 326 F.3d 267, 271 (1st Cir.

2003).  As explained by the Mills court,

> The Rooker-Feldman doctrine precludes [federal district] courts from exercising
> subject matter jurisdiction where the issues presented in the case are "inextricably
> intertwined" with questions previously adjudicated by a state court, such that the
> federal district court would be in the unseemly position of reviewing a state court
> decision for error.  See Hill v. Town of Conway, 193 F.3d 33, 39 (1st Cir. 1999)
> (noting that a federal claim is "inextricably intertwined" with a state-court claim
> "if the federal claim succeeds only to the extent that the state court wrongly
> decided the issues before it."); see generally . . . Feldman[;], Rooker[;] Wilson v.
> Shumway, 264 F.3d 120 (1st Cir.2001).

Mills v. Harmon Law Offices, 344 F.3d at 44 (footnote omitted); see Mandel, 326 F.3d at 271

(Rooker-Feldman bars federal action that "would in substance defeat or negate a state

judgment").

Here, plaintiff directly challenges the decision of the Supreme Judicial Court and the

Justices thereof on the basis that "the state court's action was unconstitutional." Feldman, 460

U.S. at 486.   Plaintiff's claim is "inextricably intertwined" with Goodridge, and could succeed

only if the Supreme Judicial Court "wrongly decided" Goodridge; (see Mills, 344 F.3d at 44);

plaintiff expressly seeks to "defeat or negate" the Goodridge judgment.  See Mandel, 326 F.3d at

271.  Accordingly, the Rooker-Feldman doctrine bars this Court from exercising jurisdiction

over plaintiff's claim.

There is no exception for claims alleging that a state court's decision violated the

Guarantee Clause.  Plaintiff's original memo at 3[4] refers to a District of Nevada case in which a Nevada Supreme Court decision on a state constitutional matter (Angle v. Guinn, 71 P.3d 1269 (Nev. 2003)) was challenged on Guarantee Clause grounds.   Angle v. Legislature of the State of Nevada, 274 F. Supp.2d 1152 (D. Nev. 2003).  What plaintiff here omits is the result in the federal Angle case: seven judges of the federal district court issued a per curiam decision dismissing, on Rooker-Feldman grounds, plaintiffs' claims.  Angle, 274 F. Supp. 2d at 1154-55. Plaintiff asserts that an appeal to the Ninth Circuit is pending, but the fact remains that seven judges of the district court found the claim plainly barred by Rooker-Feldman.[5]

II.    THE ELEVENTH AMENDMENT BARS PLAINTIFF'S CLAIMS.

By virtue of the Eleventh Amendment, a federal court lacks jurisdiction to review state officials' compliance with state law or to order state officials to comply with state law. Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89, 106 (1984); e.g., Brown v. Newberger, 291 F.3d 89, 92 (1st Cir. 2002); O'Brien v. Massachusetts Bay Transp. Authority, 162 F.3d 40, 44 (1st Cir. 1998) ("It is not the proper purview of a federal court to supervise state officials' compliance with state law.").  Plaintiff cannot evade this rule by wrapping his claims of state constitutional violations in the mantle of the Guarantee Clause.  If he could do so, then any question of a state official's compliance with state law–whether the state constitution, or a

_____

[4]  Plaintiffs' revised memo, filed on May 11, 2004, omits this reference altogether.

[5]  Plaintiff's original memo also notes that direct review of the Nevada Supreme Court's decision was sought by means of a petition for a writ of certiorari, raising a Guarantee Clause claim, which petition plaintiff states has yet to be acted upon.  Original Memo at 4-5.  Plaintiff evidently means to suggest that the United States Supreme Court may be interested in whether a state court's decision on a state constitutional matter could be challenged on Guarantee Clause grounds.  The certiorari petition, however, was denied on March 22, 2004.  Angle v. Guinn, 124 S. Ct. 1662 (2004).

statute or a regulation–could be brought before the federal courts simply by alleging that the

official's action somehow violated the Guarantee Clause.  The essence of plaintiff's claims–the

central and indispensable premise of his Guarantee Clause argument– is that the Supreme

Judicial Court exceeded its powers under the Constitution of the Commonwealth.  Under the

Eleventh Amendment, that is quintessentially a matter for the Supreme Judicial Court alone to

adjudicate.[6]

III.    PLAINTIFF LACKS STANDING, BECAUSE HE FAILS TO
ALLEGE ANY PARTICULARIZED INJURY TO HIMSELF.

Plaintiff fails to allege any particularized injury to himself sufficient to create standing,

and thus this Court lacks subject matter jurisdiction.  Standing is an essential element of subject

matter jurisdiction.  People to End Homelessness, Inc. v. Develco Singles Apartments

Associates, 339 F.3d 1, 7 (1st Cir. 2003); McInnis-Misenor v. Maine Medical Center, 319 F.3d

63, 67-68 (1st Cir. 2003).  "Standing is thus a threshold question in every case, requiring the

court to determine whether the plaintiff has alleged such a personal stake in the outcome of the

controversy as to warrant [ ] invocation of federal-court jurisdiction."  McInnis-Misenor, 319

F.3d at 67 (internal quotations and citations omitted).  "A litigant bears the burden of showing

that he personally has suffered some actual or threatened injury as a result of the putatively

illegal conduct of the defendant . . . ."  "[T]he suit must present more than abstract questions of

wide public significance which amount to generalized grievances, pervasively shared and most

appropriately addressed in the representative branches."  Id. at 67, 68 (internal quotations and

---

[6]  Also, the Eleventh Amendment (absent a waiver or abrogation not present here) bars any suit on any ground against the Supreme Judicial Court itself, because that court is an arm of the Commonwealth.  E.g., Wojcik v. Massachusetts State Lottery Commission, 300 F.3d 92, 99 (1st Cir. 2002) (Eleventh Amendment bars suit against any entity that is an arm of a state).

citations omitted).  "[S]tanding is not measured by the intensity of the litigant's interest or the fervor of his advocacy."  Valley Forge College v. Americans United for Separation of Church & State, 454 U.S. 464, 486 (1982).

Here, plaintiff has alleged no particularized injury whatsoever from the issuance, implementation or enforcement of the Goodridge decision.  For all that appears from the complaint, he is no more affected by it than is any other citizen of the Commonwealth.  And his affidavit says nothing more specific than: "Unless relief is granted, my constitutional right to a republic [sic] form of government will be irreparably harmed."  Largess Aff. ¶ 25.  Accordingly, he lacks standing to sue, and this Court lacks subject matter jurisdiction.[7]

As this memorandum was about to be filed, plaintiff served an Amended Complaint that (1) made further allegations of harm to him and (2) added, as plaintiffs, eleven state legislators.  The further allegations of harm to plaintiff Largess are nothing more than generalized assertions about his right to have his state government abide by separation of powers principles, his right to vote, his right to expect that the state Legislature will make all decisions regarding the definition of marriage.  Amended Complaint ¶¶ 64-67.  These allegations do not amount to sufficiently particularized harm to confer standing on plaintiff Largess under the cases cited above.

---

[7]  Though this Court need not reach the issue, the complaint may be beyond this Court's jurisdiction for the additional reason that Guarantee Clause claims brought by individuals against their state governments are non-justiciable. "To be sure, the Supreme Court has never held that the Guarantee Clause of Article IV, § 4, confers judicially cognizable rights upon individuals."  1 L. Tribe, American Constitutional Law 910 (3rd ed. 2000) (footnote omitted; emphasis in original).  Although the Court has suggested, without deciding, that "perhaps not all claims under the Guarantee Clause present non-justiciable political questions,"  New York v. United States, 505 U.S. 144, 183-86 (1992), the Clause itself has a "dual nature" as both (1) a restraint on state governmental forms and (2) a protection from exercises of federal power.  See Tribe at 909.  New York v. United States was plainly a case in the latter category, whereas plaintiff's claim here is in the former.

The plaintiff legislators assert, in an effort to establish standing, that they "have a right, pursuant to the Massachusetts Constitution, to define marriage for the state" and that the Supreme Judicial Court "usurped that right when it issued its decision in Goodridge." Amended Complaint ¶¶ 68-69. To the extent this might be thought to claim more particularized harm than that claimed by plaintiff Largess, the allegation is actually a conclusion of law that has already been rejected by the Supreme Judicial Court. Specifically, eight of these same plaintiff legislators attempted to assert essentially the same claim in an April 28, 2004 motion to intervene in the Goodridge case and a simultaneous motion to vacate the Supreme Judicial Court's judgment in Goodridge for lack of subject matter jurisdiction.[8] The Supreme Judicial Court denied the intervention motion on May 7, 2004 (see supra n.2; copy of order submitted herewith), ruling "after careful consideration of all the materials submitted" not only (1) that the motion was untimely but also (2) that its assertion that the Supreme Judicial Court lacked jurisdiction was erroneous as a matter of law. The jurisdictional issue already having been ruled upon by the Supreme Judicial Court at the instance of eight of the legislators who now appear as plaintiffs here, their claim is barred by collateral estoppel.

---

[8] The legislators who appear as plaintiffs in the Amended Complaint, and who also attempted to intervene in Goodridge in the Supreme Judicial Court, are Representatives Mark J. Carron, Robert S. Hargraves, Peter J. Larkin, James R. Miceli, Philip Travis, Christopher P. Asselin, John A. Lepper, and Elizabeth A. Poirier. The Goodridge docket is available at http://ma-appellatecourts.org/search_number.php?dno=SJC-08860&get=Search and the legislators' motions appear as items 80 through 82, filed on April 28, 2004.

<u>CONCLUSION</u>

For the foregoing reasons, this Court should (1) deny the motion for a temporary restraining order and (2) dismiss the complaint for lack of subject matter jurisdiction.

Respectfully submitted,

THOMAS F. REILLY
ATTORNEY GENERAL

Peter Sacks, BBO No. 548548
Assistant Attorney General
Government Bureau
One Ashburton Place, Room 2019
Boston, Massachusetts 02108-1698
(617) 727-2200, ext. 2064

Date:   May 11, 2004