COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, SS.                           SUPREME JUDICIAL COURT
                                       SJC-08860


HILLARY GOODRIDGE & others  vs.

DEPARTMENT OF PUBLIC HEALTH & another.


ORDER

This case is presently before the court on the motion of thirteen State representatives seeking leave to intervene in the case as a matter of right. They seek to intervene in order to press a "motion to vacate the court's judgment for lack of subject matter jurisdiction or, in the alternative, to extend the court's stay pending resolution of the jurisdictional issue." In short, the prospective interveners maintain that this court was without subject matter jurisdiction to decide this case in light of Part 2, c. III, art. V, of the Massachusetts Constitution, which provides that "[a]ll causes of marriage, divorce, and alimony, and all appeals from the judges of probate shall be heard and determined by the governor and council, until the legislature shall, by law, make other provision." They claim that the court's "decision redefining marriage and establishing new eligibility requirements for obtaining a marriage license usurps [their] exclusive constitutional authority to determine the courts' jurisdiction over marriage cases."

After careful consideration of all the materials submitted

2

by the prospective interveners, by the existing parties in the case, and by the Attorney General as an amicus in opposition to the prospective interveners' motion to vacate the judgment, we deny the motion to intervene. The motion is untimely under Massachusetts law, the case having already been decided by this court and the rescript having already been issued; the prospective interveners could have raised their arguments while the appeal was pending, before we issued our decision, either by seeking leave to intervene, as they have done here, or, as numerous other interested individuals did at the time, by filing an amicus curiae brief in response to this court's invitation requesting amicus briefs; as the plaintiffs and the Attorney General correctly point out, the claim of lack of subject matter jurisdiction was expressly raised by others involved in this litigation while the case was pending in the Superior Court and while it was on appeal here, as well as in the related advisory opinion matter; and the assertion that the court did not have subject matter jurisdiction is based on the erroneous premise that the case before us constituted a "cause[] of marriage, divorce, [or] alimony" within the meaning of the Massachusetts Constitution.[1] In this case, the court decided a State

---

[1] We do not wish to imply that the Governor and Executive Council currently retain any jurisdiction over "causes of marriage, divorce, and alimony." See Sparhawk v. Sparhawk, 116 Mass. 315 (1874); White v. White, 105 Mass. 325 (1870).

constitutional issue, raised by the plaintiffs in the form of a declaratory judgment action, by holding "that barring an individual from the protections, benefits, and obligations of civil marriage solely because that person would marry a person of the same sex violates the Massachusetts Constitution." Goodridge v. Department of Pub. Health, 440 Mass. 309, 344 (2003). It was within the court's jurisdiction to resolve an adversary case requiring interpretation of the Constitution and a determination of the validity of our laws.

By the Court,

*Susan Mellen*

Susan Mellen, Clerk

Entered: May 7, 2004