IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

ROBERT P. LARGESS, REP. MARK J. )
CARRON, REP. EMILE J. GOGUEN, REP. )
ROBERT S. HARGRAVES, REP. PETER J. )
LARKIN, REP. JAMES R. MICELI, REP. )
PHILIP TRAVIS, SEN. STEVEN C. )
PANAGIOTAKOS, REP. CHRISTOPHER P. )
ASSELIN, REP. EDWARD G. CONNOLLY, )
REP. JOHN A. LEPPER, REP. ELIZABETH )
A. POIRIER, )
)
   Plaintiffs, )
)
   vs. ) Case No. 04-10921-JLT
)
SUPREME JUDICIAL COURT FOR THE )
STATE OF MASSACHUSETTS; )
CHIEF JUSTICE MARGARET MARSHALL, )
JUSTICE ROBERT J. CORDY, JUSTICE )
JUDITH A. COWIN, JUSTICE JOHN M. )
GREANEY, JUSTICE RODERICK L. IRELAND, )
JUSTICE MARTHA B. SOSMAN, JUSTICE )
FRANCIS X. SPINA, in their official capacities )
as Justices of the Supreme Judicial Court of )
Massachusetts; MASSACHUSETTS )
DEPARTMENT OF PUBLIC HEALTH; )
CHRISTINE C. FERGUSON, in her official )
capacity as Commissioner of the Massachusetts )
Department of Public Health; JUDY A. )
McCARTHY, in her official capacity as City )
Registrar for the City of Boston; CITY AND )
TOWN CLERKS 1-350, )
)
   Defendants. )
)

**PLAINTIFFS' OPPOSITION TO MOTION TO INTERVENE BY GOODRIDGE PLAINTIFFS**

Plaintiffs oppose the Motion to Intervene by Hillary Goodridge, Julie Goodridge, David Wilson, Robert Compton, Michael Horgan, Edward Balmelli, Maureen Brodoff, Ellen Wade, Gary Chalmers, Richard Linnell, Heidi Norton, Gina Smith, Gloria Baily, and Linda David (hereafter "Proposed Intervenors") as the Proposed Intervenors do not have a valid interest relating to the property or transaction that comprises the subject of the action, the disposition of the action will not

impair the applicants ability to protect any interest that they might have, and as their interests are already adequately represented by the Defendants.

## I. PROPOSED INTERVENORS SHOULD BE NOT BE PERMITTED TO INTERVENE.

In order to intervene, an applicant must meet four criteria: (1) the motion must be timely, (2) the prospective intervenor must have an interest relating to the property or transaction that comprises the subject of the action, (3) the disposition of the action must run the risk of impairing the applicant's ability to protect that interest, and (4) that interest must not be adequately represented by any existing party. *See* Fed. R. Civ. P. 24(a)(2); *see also Daggett v. Commission on Governmental Ethics and Election Practices*, 172 F.3d 104 (1st Cir. 1999).

### A. Proposed-Intervenors Do Not Have An Interest Relating To The Property or Transaction In The Subject Of The Action That Will Be Impaired By The Outcome Of This Case.

In order to intervene, the Proposed-Intervenors must have a direct interest in the subject matter of the litigation. The interest of the proposed intervenors is consequential, not direct, and any such interest is insufficient to permit intervention. *See, e.g., Pharmaceutical Research and Manufacturers of America, v. Commissioner, Maine Department of Human Services*, 201 F.R.D. 12 (D.Me. 2001)(intervenor must have direct legal interest to intervene). The interest cannot be consequential, or indirect. In the case at hand, the Proposed Intervenor's interests is not direct, but consequential. The subject of the litigation is whether the Supreme Judicial Court violated the Separation of Powers, and acted in violation of the Massachusetts constitution and thus the United States Constitution. The Proposed Intervenor's interests is only in the right to marry as same-sex couples. This lawsuit is not about whether the Proposed-Intervenors should be able to marry. This lawsuit is about the procedures that were utilized by the Supreme Judicial Court in radically changing the state's marriage laws. The Proposed Intervenors' interest is at least one step removed from a direct interest in issues of this case. The Proposed Intervenors' interest is the right to same-sex marriages, not the ultimate issue of whether Defendants violated state law and radically redefining marriage.

The Proposed Intervenor's interest will not be impaired by the outcome of this case. If the Proposed Intervenors want the ability to marry as same sex couples, then they can utilize the democratic process to effectual change in the laws, just like every other citizen. If this Court restores a republican form of government in Massachusetts, then the orderly change of law will be enhanced, not diminished. Consequently, the Proposed Intervenors interest in effectuating change in the marriage laws will not be impaired by the outcome of this case, but strengthened, as the democratic process will be strengthened.

### B. Proposed-Intervenors Interests Are Adequately Represented By The Existing Defendants.

Even if the Proposed-Intervenors had a valid interest in the subject of this case, and even if that interest would be impaired by the outcome of this case, this does not mean that they can intervene as their interests are already adequately represented by the existing defendants - the Supreme Judicial Court and the Supreme Court Justices. *See Ruthardt v. U.S.*, 303 F.3d 375 (1st Cir. 2002)(denying intervention by party with "enormous practical stake in case" where the government defendant could adequately represent intervenor's interest). "Adequacy is presumed, although rebuttably so, where a government agency is the representative party." *See Pub. Serv. Co. v. Patch*, 136 F.3d 197, 207 (1st Cir.1998)(requiring a "strong affirmative showing" that the agency is not adequately representing the would-be intervenor's interests).

Where the party seeking to intervene has the same ultimate goals as a party already in the suit, courts have applied a presumption of adequate representation. To overcome that presumption, petitioner must demonstrate adversity of interest, collusion or nonfeasance. *Moosehead Sanitary Dist. v. S.G. Philips Co.*, 610 F.2d 49, 54 (1st Cir. 1979); *see also U.S. v. Hooker Chemicals & Plastics*, 749 F.2d 968 (2nd Cir. 1984)("Under the *parens patriae* concept, however, a state that is a party to a suit involving a matter of sovereign interest is presumed to represent the interest of all its citizens"); *New Orleans Public Service, Inc. v. United Gas Pipe Line Co.*, 690 F.2d 1203 ("where governmental parties are already present in case, private parties must make more than a minimal

showing of inadequate representation," and requiring consumers to show that the governmental party is "ill-equipped or unwilling" to protect their interest before finding inadequate representation).

The Proposed Intervenors have failed to show adversity of interest, collusion, or nonfeasance on behalf of the Massachusetts Supreme Judicial Court or the Supreme Court justices. To the contrary, the Supreme Judicial Court has usurped power not belonging to it, in order to grant Proposed Intervenors a right to marry as same sex couples in Massachusetts, a right that had not existed anywhere in the United States prior to the *Goodridge* decision. Not only will the Supreme Judicial Court adequately represent the Proposed-Intervenor's interests, it will zealously do so.

## II.  CONCLUSION

Plaintiffs respectfully request that this court deny the Motion to Intervene.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by hand delivery this 12th day of May, 2004, to the following:

Mr. Charles Lyons
Assistant Corporate Counsel
City of Boston Law Department
One City Hall Plaza
Room 615
Boston MA 02201
(617) 635-2012 - Fax
Attorney for Judy McCarthy

Ms. Judy McCarthy
City Registrar
City of Boston
1 City Hall Plaza, Rm 213
Boston MA 02201
(617) 635-3775 - Fax
To be served for City and Town Clerks 1-350

Mr. Peter Sacks
Office of the Attorney General
1 Ashburton Place
Room 2019
Boston MA 02108
(617) 727-5785 - Fax
Attorney for Supreme Judicial Court for the State of Massachusetts, Chief Justice Margaret H. Marshall, Justice Robert J. Cordy, Justice Judith A. Cowin, Justice John M. Greaney, Justice Roderick L. Ireland, Justice Martha B. Sosman, Justice Francis X. Spina, Massachusetts Department of Public Health, and Christine Ferguson

(Counsel signatures next page)

_[signature]_ for
Chester Darling
BBO# 114320
CITIZENS FOR THE PRESERVATION
OF CONSTITUTIONAL RIGHTS, INC.
306 Dartmouth Street
Boston, MA 02116
Telephone: (617) 536-1776
Telefacsimile: (978) 470-2219
Local Counsel for Plaintiffs

Robert J. Muise*
 MI State Bar No. P62849
 NH State Bar No. 12953
THOMAS MORE LAW CENTER
3475 Plymouth Road, Suite 100
Ann Arbor, MI 48105-2550
Telephone: (734) 827-2001
Telefacsimile: (734) 998-4778
Attorney for Plaintiffs
*Subject to admission *pro hac vice*

Stephen M. Crampton*
 MS State Bar No. 9952
Brian Fahling*
 WA State Bar No. 18894
AFA CENTER FOR LAW AND POLICY
100 Parkgate Drive
P.O. Drawer 2440
Tupelo, MS 38803
Telephone: (662) 680-3886
Telefacsimile: (662) 844-4234
Attorneys for Plaintiffs
*Subject to admission *pro hac vice*

_[signature]_
Mathew D. Staver
Florida Bar No. 0701092
(Lead Trial Counsel)
Erik W. Stanley*
 Florida Bar No. 0183504
Anita L. Staver*
 Florida Bar No. 0611131
Joel L. Oster*
 Florida Bar No. 0659746
Rena M. Lindevaldsen*
 Florida Bar No. 0659045
LIBERTY COUNSEL
210 East Palmetto Avenue
Longwood, FL 32750
Telephone: (407) 875-2100
Telefacsimile: (407) 875-0770
Attorneys for Plaintiffs
 *Subject to admission *pro hac vice*